MORRILL GODDARD, Respondent, v. THE PARDEE MEDICINE COMPANY, Appellant.

*Bill of particulars — not proper where a defense is, in effect, a denial of the performance of the contract sued upon.*

Where, in an action brought to recover for advertisement, alleged to have been made under a contract with the defendant, a defense is interposed "that the advertisement of the defendant was not published pursuant to said contract; that the said contract was not performed, and that the papers therein mentioned were not received, checked and verified as therein provided," it is not proper to require the defendant, on the ground that the plaintiff could not tell in what particulars the defendant intended to maintain that the advertisement was not published in accordance with the contract, or what papers therein mentioned were not received, checked and verified in accordance with the agreement, to furnish a bill of particulars covering such matters of alleged defense.

*Bennett* v. *Wardell* (43 Hun, 452) followed; *Dwight* v. *Germania Life Insurance Company* (84 N. Y., 493) distinguished.

Appeal from an order of the New York Special Term, entered in the office of the clerk of the county of New York, March 28, 1888, requiring the defendant to furnish a bill of particulars of the fourth defense contained in the answer.

*William H. Shepard*, for the appellant.

*Philip Carpenter*, for the respondent.

Bartlett, J. :

The plaintiff brings this action as the assignee of the Chicago Newspaper Union, and alleges that the defendant entered into a contract with that organization, which is set out in full in the complaint. This contract provides for the insertion of an advertisement for the Pardee Medicine Company every week for the period of one year, in a number of newspapers which are referred to as con-

tained in a weekly list. There are also provisions to the effect that the papers in which the advertisements are published are to be regularly mailed to the advertiser, and that payment at the rate of eight dollars for fifty-two insertions is to be made " at the end of each three months after papers are received, checked and verified." The plaintiff further alleges that the Chicago Newspaper Union performed all the conditions of the contract upon its part, and published the advertisement of the defendant for the time specified in the contract, in 4,027 papers in the list which has been mentioned ; and he sues to recover the value of the advertising at the price agreed upon between the parties.

The answer assumes to set up four defenses. First, the defendant admits the making of the contract, but denies any knowledge or information sufficient to form a belief as to any other allegation in the complaint. For a second defense, the defendant alleges that the Chicago Newspaper Union has no legal existence, and no capacity to assign its alleged claim to the plaintiff. In the third place, the defendant avers that it ordered the advertisements provided for in the contract to be discontinued after thirteen insertions thereof had been made, and that said contract was thereby canceled and annulled.

The fourth defense, which is the most important so far as this motion is concerned, is in the following words : " For a fourth and further answer and defense herein, the defendant alleges, upon information and belief, that the advertisements of the defendant were not published pursuant to said contract. That the said contract was not performed, and that the papers therein mentioned were not received, checked and verified as therein provided."

The plaintiff moved for a bill of particulars of this fourth defense, on the ground that neither he or the managers of the Chicago Newspaper Union could tell in what particulars the defendant intended to maintain that the advertisement was not published in accordance with the contract, or what papers therein mentioned were not received, checked and verified in accordance with the agreement. The court at Special Term ordered that such particulars should be furnished, and the defendant has appealed.

The fourth defense in the answer is not affirmative in its character. It really amounts to nothing more than a denial of the plaintiff's

alleged cause of action. It adds no strength to the answer and could be wholly stricken out without detriment to the rights of the defendant. Considering it, therefore, with reference to its legal effect, which is simply that of a denial, it cannot properly be regarded as setting up any such claim as to render it proper to require a bill of particulars. The plaintiff counts upon the contract, and is bound to prove a performance thereof before he can recover in the action. He must show that the advertisement of the defendant has been published during the period covered by the contract, and in all the papers in which it was required to be published by the terms of the agreement, however large the number. Such proof is essential to make out the plaintiff's case, and he cannot avoid the obligation to furnish it, because the defendant has put its denial of due performance in a somewhat more specific form than was necessary. As in the case of *Bennett* v. *Wardell* (43 Hun, 452), no bill of particulars of the claim should be ordered to be furnished, inasmuch as no claim is set up, but there is merely an assertion that the adverse party has no claim. In this view there is nothing inconsistent with the case of *Dwight* v. *Germania Life Insurance Company* (84 N. Y. 493), in which it was held that the claim of a defendant, in regard to which a bill of particulars might be ordered, was "whatever is set up by him as a reason why the action may not be maintained against him," or, "that ground of fact which he alleges in his answer as the reason why judgment should not go against him," or, again, "the position he takes in his pleading, based upon the facts he sets up and the law applied thereto, why he should go without day." None of these definitions includes a mere denial or a statement of fact, which amounts only to such a denial and which comprises nothing more than what the defendant could have shown if he had contented himself with a simple denial in form.

We think the order for a bill of particulars should be reversed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., concurred.

DANIELS, J. :

As long as the defendant has made it a part of its answer to allege that the contract had not been performed and the advertisement had not been published, it was entirely proper to require it to make

these statements explicit and intelligible, by the service of a bill of particulars of the plaintiff's failure to perform. That would greatly simplify the issue and the investigation to be made at the trial, and generally promote the attainment of justice between the parties. The defendant, by this answer, created the occasion for the bill of particulars. And it should not be absolved from the obligation of serving it, by the sole fact that it was not bound to make this answer at all. It has made it and the order requiring it to be amplified by a bill of particulars was so clearly appropriate that it ought to be affirmed.

Order reversed, with ten dollars costs and disbursements.