THOESEN *v.* CROWE.

*(Supreme Court, General Term, First Department.  May 16, 1890.)*

PLEADING—BILL OF PARTICULARS.

Where the answer, in an action for goods sold, stated that some of the goods had been returned to and accepted by plaintiff, that others had never been purchased or received, and that defendant had paid more than the price of the goods delivered to him, defendant will be required to serve a bill of particulars of the articles declined and returned, but not to state therein what articles he was willing to admit had been delivered to him.

Appeal from special term, New York county.

Action by Henry Thoesen against Thomas D. Crowe.  Defendant appeals from an order directing him to serve a bill of particulars.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Jacob L. Haines,* for appellant.   *Howard Van Buren,* for respondent.

DANIELS, J.   The action was brought to recover the price of goods sold and delivered by the firm of Thoesen & Uhl to the defendant.   The plaintiff alleged himself to have acquired the interest of his copartner in the demand, and a bill of particulars of the goods forming it was served.   The defendant's

answer stated that divers articles in the bill of particulars were returned to the firm, which they accepted and retained, and that the defendant never purchased or received from the firm divers articles of merchandise charged in their bill of particulars. And the order from which the appeal has been brought directed the defendant to serve a bill of particulars of the articles in this manner referred to in the answer, and so far the order seems to have been entirely right. It was further averred in the answer that the defendant had paid the firm more than the price of the goods alleged to have been delivered to him. Of these payments a bill of particulars had been served, and that fact is stated in the order; but the defendant was directed to serve a bill of particulars of the amounts and names of the articles which are stated in the defendant's answer to have been sold by the firm to him. This clause of the order was entirely unnecessary, and it had no substantial support from anything appearing on the hearing of the motion. The defendant was not bound to make any statement to the plaintiff indicating what articles in the bill of particulars he was willing to admit the firm had delivered to him. *Goddard* v. *Medicine Co.*, 52 Hun, 85, 5 N. Y. Supp. 119. All that he could be required to do was to serve a bill of particulars of the articles declined and returned to the firm. This last direction contained in the order should be reversed and set aside, and the residue affirmed, without costs of the appeal to either party. All concur.