one of the officers that was in the Haymarket riot in Chicago, blown up by the bomb-shells?" This was objected to by the defendant's counsel as incompetent and immaterial, and the objection was overruled, and exception taken. The answer was: "I was one of the men who were in that riot." This ruling is claimed to be erroneous. It will be observed that the answer is not fully responsive. The witness had been cross-examined in regard to his previous official history, and a reasonable latitude upon the redirect, by way of explanation, was allowable. It may be that, strictly speaking, the evidence was immaterial, but, in the form the answer was given, no possible injury would be occasioned to the defendant. We have examined the other exceptions presented on the part of the defendant, and find nothing that calls for a reversal. It is not apparent that any substantial right of the defendant is affected. Code Crim. Proc. § 542. It follows that the judgment and order should be affirmed. All concur.

---

## GRAY v. SHEPARD.

(*Supreme Court, General Term, First Department.* January 16, 1891.)

BILL OF PARTICULARS OF DEFENSE—GENERAL DENIAL.

Plaintiff will not be entitled to a bill of particulars, when the answer, though containing matter affirmative in form, amounts simply to a general denial.

Appeal from special term, New York county.

Action by Frank S. Gray against Elliot F. Shepard. The complaint alleges that on the 18th of April, 1888, the plaintiff and defendant made an agreement in writing whereby the plaintiff undertook to render his services to the defendant, in or about a certain publication known as the "New York Mail and Express," from the 13th day of May, 1888, for the term of five years, at the yearly salary of $6,000, and that defendant employed him upon said terms. The plaintiff further avers that he duly entered upon his employment under said agreement, and duly discharged the duties thereof until the 4th day of January, 1890, and that he has ever since been and still is ready and willing to perform all conditions of said agreement upon his part to be performed. He further avers that the defendant then refused and still refuses to allow him so to do or to pay him therefor, to his damage in the sum of $35,000, for which sum he demands judgment, with costs. The answer of the defendant denies that he made any contract with the plaintiff, except one which is annexed to the answer, and in substance alleges that the plaintiff did not keep and perform his agreement according to the terms thereof, and the true intent and meaning thereof, to the great injury of said defendant; that while he remained in such employment he proved to be incompetent and unable to do the work assigned to him under said contract, and did not satisfactorily do and perform the same, and proved to be incompatible in his habits and manners to and with said defendant and other persons in the employ of said defendant in connection with the publication of said newspaper and its various editions; and it, in like manner, negatives the performance of the various conditions of the contract, by averring, in substance, that the plaintiff did not keep and perform said contract, but violated the same. A motion by plaintiff for an order that defendant furnish him with a bill of particulars of said matters of defense was denied, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Dittenhoeffer & Gerber,* (*A. J. Dittenhoeffer,* of counsel,) for appellant. *Robert C. Alexander,* (*Noah Davis,* of counsel,) for respondent.

BRADY, J. The answer, in an expansive manner, contains simply a general denial; and therefore the case is not one for a bill of particulars. The order should be affirmed, with $10 costs and disbursements. All concur.