### RAFALSKY *et al.* v. BOEHM.

(*City Court of New York, General Term.* October 24, 1892.)

PLEADINGS—BILL OF PARTICULARS—DISCRETION OF COURT.

Under Code Civil Proc. § 531, which provides that "the court may in any case direct a bill of particulars," in an action on a *quantum meruit* for work done and materials furnished at defendant's request, to which defendant answered that "plaintiff did perform for defendant certain labor and furnished certain materials," but a part of the same was not performed and furnished at his request, and was different from the work he had requested done, the court properly granted a motion for a bill of particulars of the defense.

Appeal from trial term.

Action by Henry Rafalsky and others against Samuel C. Boehm. From an order granting plaintiffs' motion for a bill of particulars, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and MCCARTHY, JJ.·

*Jeroloman & Arrowsmith,* for appellant. *Eugene Cohn,* for respondents.

VAN WYCK, J. The complaint is on a *quantum meruit* for work done and materials furnished to defendant, and at his request. The plaintiffs furnished a bill of particulars of their claim, and thereafter, and after service of the answer, moved for a bill of particulars of part of defendant's defenses, which he was directed to furnish by the order from which this appeal is taken.

The appellant's contention is that "the answer is a general denial, and, though the defendant has put his denial of performance in a somewhat more specific form than was necessary, the plaintiffs cannot avoid the obligation to furnish proof to establish their right to recover," and hence that he was improperly ordered to furnish a bill of particulars of his alleged defense. However, his answer does not contain a general denial, and contains no specific denial, except as to the reasonable worth of the work and materials; and therefore the plaintiffs would, upon the trial, be called upon to prove only the value of the items of work and materials specified in their bill of particulars, and need not prove that the same were performed and furnished for or requested by defendant. The order appealed from required the defendant to

furnish a bill of particulars of the defense set up, or attempted to be set up, in the second paragraph of his answer, which "alleges that the plaintiffs did and performed for defendant certain labor and furnished certain materials;" but that part of the same was not performed and furnished at his request, and was different from the work which he had requested them to do.  There is not, in terms, an allegation that the certain labor and materials are the same labor and materials mentioned in the complaint, or any part thereof; but, assuming that inferentially there is, still this plea, if not insufficient and frivolous, is at best too indefinite and uncertain to inform plaintiffs as to what items of labor and material alleged in the complaint and specified in their bill of particulars is to be disputed by defendant on the trial, and to this information they certainly are entitled.  It may be that plaintiffs could have requested and secured greater relief, and assailed this plea as insufficient and frivolous, or had it made more definite and certain.  However, they have only asked for a bill of particulars which shall specify whether the work and materials mentioned in this paragraph of the answer are the same work and materials referred to in the complaint, or any part thereof; and, if so, what part, and what part thereof was not performed and furnished at his request, etc. If their motion had taken another form, as suggested, it is true that they might have so forced the desired information; but that cannot be good reason for reversing an order which rests in the sound discretion of the court, by section 531 of the Code, which says: "The court may, in any case, direct a bill of particulars," and which has often been exercised in extraordinary and celebrated cases, and sustained by the court of appeals.  *Tilton* v. *Beecher*, 59 N. Y. 176; *Dwight* v. *Insurance Co.*, 84 N. Y. 493; and *Cunard* v. *Francklyn*, 111 N. Y. 511, 19 N. E. Rep. 92.  The only limit to the exercise of this power seems to be, do the moving papers disclose such a condition of affairs as will force the conclusion that a bill of particulars is necessary to enable the moving party to safely meet his adversary at trial?  The exercise of this power has seldom been disturbed on appeal, while the refusal to exercise it has often met reversal.  The bill of particulars as to the second paragraph of the answer was properly ordered, and so, too, as to the fourth paragraph.  *Murray* v. *Maybie*, (Sup.) 8 N. Y. Supp. 289.

The order appealed from is affirmed, with $10 costs.  All concur.