McGown, J.
This action was brought to recover a judgment against defendants for the sum of fifty dollars balance alleged to be due on a contract made between the defendant, J. H. Furber Co., and the plaintiff, dated March 29, 1892, whereby plaintiff agreed to do all the mason work, brick work, stone work, plastering, fire proof partitions and iron work, and to furnish the materials necessary thereto, except bridle irons on the rear window guards of the first floor, in building No. 46 Baxter street, for the sum of $2,600, on which the sum of $2,550 has been paid as alleged, and also to recover the sum of $180 for extra work.
Plaintiff in the fifth paragraph of his complaint alleges:
“ That he has fully performed his contract,” and demands judg-, ment for the sum of $230 and interest.
Defendant J. H. Furber Co., in its answer, admits the making of a written contract on the 29th day of March, 1892, and in the third paragraph of its first separate defense of its answer:
“ It denies that the plaintiff fully performed his said contract * * * but on the contrary thereof, alleges that he did not perform said contract in this, that he did not furnish and put up fire escapes or furnish the brick work, or the plastering, nor did he clear out the building, or cart away the dirt as required by the terms of the said contract, nor furnish all the lath, plaster, lime and other materials necessary therefor.”
On December 2, 1892, on motion made by plaintiff’s attorneys, an order was made :
“ That the attorneys for the defendant deliver to the plaintiff’s attorneys a bill of particulars of the claim set forth in paragraph three of the first separate defense of the said defendant’s amended answer to the complaint herein, that the plaintiff did not furnish the brick work or plastering, or furnish all the lath, lime and other *164 materials necessary therefor, * * * within six days * * * or, on default thereof, that he be precluded from giving any evidence on the trial in support of said claim.”
From this order the defendant, J. H. Furber Co., appeals.
Section 531 of the Code, provides that: “ The court may, in any case, direct a bill of particulars of the claim of either party.”
The plaintiff alleges full performance ; this is denied by the defendant in the first portion of its answer, thus raising an issue upon the question of full performance on the part of the plaintiff, which full performance plaintiff is bound to prove before he can recover.
The defendant, in denying full performance, in addition alleges and points out in what particulars, and in what respect, plaintiff failed to perform.
It does not by so doing make any claim against the plaintiff for which plaintiff was entitled to a bill of particulars.
That part of defendant’s answer in which it points out in what particular respect plaintiff failed to perform, is not affirmative in its character, but amounts simply to a general denial of full performance, pointing out in what particulars plaintiff failed to perform.
The answer, in an expansive manner, contains simply a general denial, and, therefore, the case is not one for a bill of particulars. See Gray v. Shepard, Supreme Court, General Term, 36 St. Rep., 610.
The defendant, in its answer, virtually admits performance of the contract, with the exceptions stated in its answer; and the plaintiff would only be required to prove performance of the particular items mentioned in order to make out a prima facie case.
The defendant makes no claim against the plaintiff which would require any proof on its part, to sustain its defense, until plaintiff had proven full performance; when it could, to rebut any evidence showing full performance, introduce evidence to contradict any such evidence on the part of plaintiff.
In Goddard v. The Pardee Medicine Co., 52 Hun, 85; 22 St. Rep., 540, a similar question arose.
In that case, an action was brought to recover for advertisements alleged to have been made under a contract with the defendant
The complaint alleged performance of the contract
The defense was, “That the advertisement of the defendant was not published pursuant to said contract; that the said contract was not performed, and that the papers therein mentioned were not received, checked and verified as therein provided."
The plaintiff moved for a bill of particulars on the ground that he could not tell in what particulars the defendant intended to maintain that the advertisement was not published in accordance with the contract, or what papers therein mentioned were not received, checked or verified in accordance with the agreement.
The bill of particulars was refused on the ground that this was not a proper case in which a bill of particulars should be required.
Justice Bartlett, in his opinion at page 86, says: “The fourth *165 defense in the answer is not affirmative in its character. It really amounts to nothing more than a denial of the plaintiff’s alleged cause of action. It adds no strength to the answer, and could be wholly stricken out without detriment to the rights of the defendant. Considering it, therefore, with reference to its legal effect, which is simply that of a denial, it cannot properly be regarded as setting up any such claim as to render it proper to require a bill of particulars. The plaintiff counts upon the contract and is bound to prove á performance thereof before he can recover in the action. * * * Such proof is essential to make out the plaintiff’s case, and he cannot avoid the obligation to furnish it because the defendant has put in its denial of due performance in a somewhat more specific form than was necessary.”
Justice Bartlett in his opinion distinguishes the case from Dwight v. The Germania Life Insurance Company, 84 N. Y., 493, cited by respondent in his brief, and referring to the definitions stated in above case says at page 87:
“ None of these definitions includes a mere denial of a statement of fact, which amounts only to such a denial, and which comprises nothing more than what the defendant could have shown if he had contented himself _ with a simple denial in form.”
See also Rafalsky v. Boehm, general term city court, October, 1892, 48 St. Rep., 641.
In this case an order sustaining a bill of particulars was sustained, inasmuch as the answer did not contain a general denial, etc. Kelsey v. Sargent, 100 N. Y., 603, also cited by respondent, is not in point
In that case, the action was brought to compel the surrender of certain stock, which the plaintiff alleged had been pledged by plaintiff to defendant as security for the payment of a promissory note, and also to save defendant from certain guarantees executed by him.
The complaint alleged payment of the note, and that defendant “ was made free and discharged from all his contracts as guarantor.”
The answer denied said averment and alleged “that the defendant has not been released from liability on said guarantees, and is still liable on three or more of such guarantees.”
An order was made requiring defendant to serve “a bill of particulars of the guarantees upon which he claims to be liable as alleged in the answer.”
The order was sustained on appeal In its Per Curiam opinion the court held that, “ in either case the plaintiff might require further information before trial, and whether it should be obtained from a more specific answer, or bill of ■ particulars, was for the supreme court to determine.”
The order for a bill of particulars was improperly granted, and should be reversed, with costs to the respondents to abide the event.
Van Wyck, J., concurs.