(7 Misc. Rep. 227.)

BAINBRIDGE v. FRIEDLANDER et al.

(City Court of New York, General Term.   February 8, 1894.)

PLEADING—BILL OF PARTICULARS—NONPERFORMANCE OF CONTRACT.
  Where plaintiff alleges that he performed all the terms and conditions of the contract sued on, and defendants "deny that the plaintiff duly performed all the terms and conditions of said agreement upon his part to be done and performed, but, on the contrary, allege that plaintiff did not perform all the terms and conditions of said agreement, and neglected, failed, and refused to discharge his duties" under the contract, such answer is only a specific denial of plaintiff's allegation of performance, and a bill of particulars of nonperformance will not be required.

Appeal from special term.

Action by Thomas S. Bainbridge against Albert Friedlander and others to recover for services alleged to have been rendered under a special agreement.   From an order requiring defendants to furnish a bill of particulars of nonperformance by plaintiff of contract sued on, defendants appeal.   Reversed.

Argued before VAN WYCK and FITZSIMONS, JJ.

Spiegelberg & Wise, for appellants.

F. A. Burnham, for respondent.

VAN WYCK, J.   The plaintiff's alleged cause is for services rendered by him under a special agreement as salesman for defendants, and his complaint alleges "that plaintiff has duly performed all the terms and conditions of said agreement upon his part to be done and performed," while the defendants, by answer, plead:   "The defendants deny that the plaintiff duly performed all the terms and

conditions of said agreement upon his part to be done and performed, but, on the contrary, allege that plaintiff did not perform all the terms and conditions of said agreement, and neglected, failed, and refused to discharge his duties as traveling salesman for these defendants." This plea of defendants is nothing more than a specific denial of plaintiff's allegation of performance by him, and, if so much of defendants' plea as follows the word "performed" was stricken out, still plaintiff would be forced to make proof of his allegation of performance. Considering defendants' plea, therefore, with reference to its legal effect, which is simply that of a denial, it cannot be properly regarded as setting up any such claim as to render it proper to require a bill of particulars. See Goddard v. Medicine Co., 52 Hun, 85, 5 N. Y. Supp. 119, which was followed and fully approved by this court in Strebell v. J. H. Furber Co., (City Ct. N. Y.) 21 N. Y. Supp. 1032. And the case of Rafalsky v. Boehm, (City Ct. N. Y.) 20 N. Y. Supp. 374, does not in any way conflict with either of these decisions, for in the Rafalsky Case the answer did not, by general or specific denial, put at issue plaintiff's alleged performance, and in the opinion in that case it is suggested that defendants' plea was insufficient and frivolous, but, as it was not so assailed, and plaintiff had only sought and secured at special term a bill of particulars of an affirmative plea in the answer, it would not be disturbed at general term. But, as seen, the answer here specifically denies plaintiff's alleged performance; hence defendants should not have been required to furnish a bill of particulars of the times and manner of plaintiff's nonperformance, and the order requiring him to do so should be reversed, with $10 costs.