### STANLEY et al. v. BLOCK et al.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

PLEADING—BILL OF PARTICULARS.

In an action on a contract, an answer to an allegation of performance, stating that plaintiffs have failed to perform the conditions of the contract, is a general denial, and does not entitle plaintiffs to a bill of particulars showing wherein they failed to perform the conditions.

Appeal from special term.

Action by J. Edmund Stanley and another against John W. Block and another. From an order granting a bill of particulars, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Howard E. White, for appellants.
Hugo Hirsh, for respondents.

WOODWARD, J. This action is brought to recover $1,500, the amount of a promissory note made and indorsed by the defendants to the plaintiffs. The note was made and "given pursuant to the terms of a contract, bearing even date herewith, between the parties hereto and Joseph Butcher and J. Edmund Stanley, and is subject to all the covenants and agreements therein contained." The complaint alleges performance of all the conditions of the contract to be performed by the plaintiffs. The defendants make a general denial, and allege that "the plaintiffs have failed to perform the condition of the contract annexed to the said complaint," etc. The plaintiffs moved for a "verified bill of particulars, showing fully and in detail the manners, parts, particulars, and items in which defendants claim the plaintiffs, or either of them, have failed to perform the conditions of the contract," and from the order granting such motion appeal comes to this court.

We are of opinion that the matter as thus presented comes within the decision rendered in the case of Goddard v. Medicine Co., 52 Hun, 85, 5 N. Y. Supp. 119, and that the order was improperly granted. See Bennett v. Wardell, 43 Hun, 452; King v. Ross, 21 App. Div. 475, 47 N. Y. Supp. 562; Strebell v. J. H. Furber Co., 2 Misc. Rep. 450, 21 N. Y. Supp. 1032, and authorities there cited; Bainbridge v. Friedlander, 7 Misc. Rep. 227, 27 N. Y. Supp. 261. The order appealed from should be reversed, with costs. All concur.