(38 Misc. Rep. 169.)

## ZWERLING v. ANNENBERG.

(Supreme Court, Special Term, Kings County. June, 1902.)

ACTION FOR ASSAULT—PLEADING—ANSWER.

 Where plaintiff alleges an unlawful entry of her dwelling and a battery of her person, an answer that defendant entered under the authority of a chattel mortgage on the goods of plaintiff, in order to remove them, and that he did not assault her, raises no issue.

Action by Mallie Zwerling against Moses Annenberg. Motion for judgment on answer as frivolous. Granted on conditions.

Abraham Miller, for the motion.

Moses Annenberg, in pro. per.

GAYNOR, J. The complaint is in brief that the defendant forcibly and unlawfully entered the dwelling of the plaintiff and seized and dragged her out of her room, and committed a battery upon her.

There is no formal denial in the answer, but it alleges at length that a third person had a chattel mortgage on the plaintiff's chattels, and that the defendant assisted him at his request to enter the plaintiff's dwelling and foreclose the mortgage and take the goods, and that he did his duty in that respect, and did not assault the plaintiff. The allegations of the answer set out an entry under the express terms of the mortgage, and are inconsistent with the unlawful entry alleged in the complaint, and also with the battery there alleged.

It is an established rule of pleading that the allegations of the complaint cannot be put in issue by inconsistent allegations of fact in the answer, but only by a formal general denial, or by formal specific denials, as required by the Code of Civil Procedure (section 500). As was recently said in that respect by our highest court (Smith v. Coe, 170 N. Y. 167, 63 N. E. 58):

"But as already stated, there was no denial, general or specific, of the allegations of the complaint referred to, except so far as such denial could be spelled out or inferred from an inconsistent version of the transaction given by the pleader in the answer. The allegations of a complaint are controverted or put in issue only by a general or specific denial. A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred. Rodgers v. Clement, 162 N. Y. 422, 428, 56 N. E. 901, 76 Am. St. Rep. 342; Fleischmann v. Stern, 90 N. Y. 110; Marston v. Sweet, 66 N. Y. 210, 23 Am. Rep. 43; Wood v. Whiting, 21 Barb. 190; West v. Bank, 44 Barb. 175."

Here is a precise statement of the ancient rule that no statements in an answer, however inconsistent with the allegations of the complaint, can answer the purpose, or be accepted in lieu of the required formal denial.

In the same volume, however, as is pointed out, there is a decision to the contrary in the case of Railroad Co. v. Hinchliffe, 170 N. Y. 481, 63 N. E. 545. There, after a general denial, the defendant pleaded certain facts as a "defence." It was expressly held that although such facts were not of "new matter constituting a defence" as required by the Code, § 500, and were not a "defence," but on the con-

trary came under the general denial (i. e., were within the issue raised thereby and provable thereunder), that nevertheless a demurrer thereto had to be overruled, for the reason that such allegation of facts inconsistent with the allegations of the complaint at least amounted to a denial of the allegations of the complaint. The court said on this head:

"It may be conceded that this defence is not new matter as it is not in avoidance or confession" (by which was doubtless meant "in confession and avoidance") "of the matters set forth in the complaint. But it is none the less a defence, because it is what is termed in pleading a denial;" and on this ground the demurrer was overruled."

Here was an express decision that such inconsistent allegations are a "denial" of the allegations of the complaint; and also that a "denial" is a "defence" in the terminology of pleading, although the Code provides that a "defence" shall be of "new matter," i. e., matter which cannot be proved under a denial or denials, and which is sufficient to defeat the action even though all the allegations of the complaint be taken as true; and also provides that it may be demurred to for insufficiency if it does not fulfil this test. Section 494.

Seeing no way to reconcile these two decisions, it seems to me that I ought to adhere to the former, which is undoubtedly in accord with the rules of pleading, rather than with the latter, which seems to be inadvertent.

But the defendant should not suffer for having followed the latter, and may amend without costs.

The motion is granted unless the defendant serve a new answer.