(158 App. Div. 498.)

### EINSTEIN v. EINSTEIN.

(Supreme Court, Appellate Division, First Department. October 24, 1913.)

PLEADING (§ 90*)—ANSWER—AFFIRMATIVE DEFENSE—DENIAL.

Under Code Civ. Proc. § 500, providing that an answer must contain either a general or specific denial, or a statement of new matter constituting a defense or counterclaim, a denial cannot be incorporated in that section of an answer consisting of an affirmative defense, except to deny the existence of some fact alleged in the complaint in order to perfect the answer as a complete affirmative defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 184, 185, 187, 190, 194; Dec. Dig. § 90.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jacob H. Corn, of New York City, for appellant.
James B. Kilburn, of New York City, for respondent.

McLAUGHLIN, J. Action to recover damages for alleged alienation of the affections of Arthur Einstein, plaintiff's husband.

The answer alleges:

"I. On information and belief defendant denies the allegations contained in paragraph fourth of said complaint that he at all times or at any times exercised and exerted an influence and control over the mind of Arthur Einstein.

"II. On information and belief defendant denies the allegations contained in paragraphs fifth, sixth, and seventh of said complaint."

For a separate defense the "defendant repeats the allegations of paragraphs I and II of this answer as though herein again alleged," and then sets forth certain facts to the effect that at or about the time defendant first learned of the marriage between plaintiff and Arthur Einstein the latter was, and for some time prior thereto had been, and had since continued to be, of unsound mind, in consequence of which he was, by order of the court, committed to an institution for the care and treatment of the insane.

The plaintiff moved to strike from the separate defense the denials of the paragraphs of the complaint above quoted. The motion was denied, and she appeals.

Section 500 of the Code of Civil Procedure provides that an answer must contain (1) a general or specific denial of each material allegation of the complaint controverted by the defendant, and (2) a statement of any new matter constituting a defense or counterclaim.

The separate defense here set up is the statement of new matter, and a denial of the allegations of the complaint has no place therein. A defense of new matter as contemplated in the section is based on the theory of confession and avoidance; i. e., that, even conceding the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

truth of the allegations of the complaint, the establishment of the new matter set forth prevents a recovery. The new matter pleaded must be such as could not be proved under the denials. If it could, then it is not new matter, but belongs under a denial, which is negative. The denials contained in the answer enable defendant to controvert the facts upon which the plaintiff bases her right to recover. The only effect of incorporating such denials in the affirmative defense is to prevent the plaintiff, in advance of the trial, testing the sufficiency thereof. A denial has no place in an affirmative defense, except when it becomes necessary to deny the existence of some fact alleged in the complaint in order to perfect the answer as a complete affirmative defense. Stroock Plush Co. v. Talcott, 129 App. Div. 14, 113 N. Y. Supp. 214; Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151; Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026; Frank v. Miller, 116 App. Div. 855, 102 N. Y. Supp. 277; Waltham Mfg. Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540; Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; Mendleson v. Margulies, 157 App. Div. 666, 142 N. Y. Supp. 825.

The order appealed from, therefore, is reversed with $10 costs and disbursements, and the motion granted with $10 costs. All concur.

---

(158 App. Div. 501.)

### EINSTEIN v. EINSTEIN.

(Supreme Court, Appellate Division, First Department. October 24, 1913.)

Appeal from Special Term, New York County.
Action by Manuela N. Einstein against Julius Einstein. From an order denying a motion to strike from an affirmative defense a denial of the material allegations of the complaint, plaintiff appeals. Order reversed.
Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jacob H. Corn, of New York City, for appellant.
James B. Kilburn, of New York City, for respondent.

