PULLEN et al. v. SEABOARD TRADING CO.   (No. 6401.)

(Supreme Court, Appellate Division, First Department.   December 18, 1914.)

1. PLEADING (§ 120*)—DENIALS—SUFFICIENCY.

Under Code Civ. Proc. § 500, providing that an answer shall contain a general or specific denial of each material allegation of the complaint, and section 522, providing that material allegations of the complaint, not controverted by the answer, are to be taken as true, an answer, in an action on a judgment of a foreign country, which does not contain a categorical denial of the allegations of the complaint in respect to service of process, is insufficient, though it contains allegations inconsistent with the allegations of the complaint as to proper service.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 244, 253, 254, 257, 258; Dec. Dig. § 120.*]

2. PLEADING (§ 34*)—LIBERAL CONSTRUCTION—DENIALS—"ALLEGATION."

Code Civ. Proc. § 519, providing that "allegations of a pleading must be liberally construed," has reference to "allegations," and not to "denials"; and hence the rule of liberal construction is not applicable to the denials in an answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.*

For other definitions, see Words and Phrases, First and Second Series, Allegation.]

3. PLEADING (§ 120*)—DENIALS IN ANSWER—CERTAINTY.

The denials in an answer must be certain as to the matters intended to be put in issue, so as to enable the plaintiff to comply with rule 19 of the General Rules of Practice, providing that he shall indicate on the copy of the pleadings what allegations are admitted and what are controverted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 244, 253, 254, 257, 258; Dec. Dig. § 120.*]

4. PLEADING (§ 367*)—INDEFINITENESS IN DENIALS—REMEDY.

Where there is a denial in form, but it is indefinite as to the part of the pleading to which it relates, plaintiff's remedy is a motion to make the denial more definite, and not a motion to strike.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

5. PLEADING (§ 362*)—ANSWER—STRIKING OUT MATTER.

If denials or allegations contained in one separate defense are essential to facts pleaded in another separate defense, they should not be stricken out of the latter defense; but, if such incorporated matter is not material or relevant, it should not be left in to shield the new matter alleged as a defense against a demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

Appeal from Special Term, New York County.

Action by Hugh Charles George Pullen and others against the Seaboard Trading Company. From an order denying their motion to strike out certain paragraphs of the answer as irrelevant and redundant, plaintiffs appeal. Modified and affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward S. Paine, for appellants.

Joseph J. Corn, of New York City (J. Lester Lewine, of Fleischmanns, on the brief), for respondent.

LAUGHLIN, J. This is an action on a judgment alleged to have been duly recovered by plaintiffs against defendant in a court of general jurisdiction in Brazil, in an action commenced by process of summons duly issued and served upon the defendant by presenting and delivering the summons to its secretary in Brazil.

The answer denies the material allegations of the complaint, and particularly the allegations with respect to service of process and the due commencement of the action in Brazil. It then pleads, in separate defenses designated "First" and " Second," facts tending to show that there was and could be no service of process upon defendant, or upon any one representing it, in Brazil, and that it did not appear; but neither of these defenses contains a denial of the allegations of the complaint with respect to service. However, counsel for plaintiffs concedes that these two defenses, if proved, are good.

The defendant next pleads in eight separate defenses, designated "Third" to "Tenth," inclusive, certain other facts tending to show want of jurisdiction in the foreign court to bind the defendant by the judgment, that plaintiffs did not have a cause of action against defendant, that it had a valid counterclaim of a nature which the courts of Brazil do not recognize, and that the judgment is one which should not be recognized or enforced by our courts, and finally pleads the counterclaim here. In the first paragraph of each of these separate defenses, the defendant pleads, by reference, all the facts alleged in the preceding defenses, including the first and second.

Denial of service of process in Brazil is doubtless essential to the sufficiency of the counterclaim, which as pleaded was inconsistent with the right of plaintiffs to recover, and such denial may be essential to the sufficiency of one or more of the other defenses; but, as has been seen, there is no denial imported into any of these separate defenses, by realleging allegations in the preceding defenses.

[1] There is no categorical denial in any of the defenses of the service alleged in the complaint, and consequently the question often presented as to whether a denial in a separate defense should be stricken out as irrelevant is not presented for decision.

Doubtless, by the *affirmative allegations* in the first and second separate defenses to the effect that there was no service of process in Brazil, the pleader intended to deny the allegations of service contained in the complaint; but the plain mandate of the Legislature is that there must be a general or specific denial of each material allegation of the complaint which the defendant intends to controvert, and that all material allegations not *so* controverted are deemed admitted. Code of Civil Procedure, §§ 500, 522. It is a well-settled rule in this jurisdiction that material allegations of a complaint are not put in issue by inconsistent allegations in the answer, even though the intention to de-

ny them is plainly inferable or to be implied from the inconsistent allegations. Smith v. Coe, 170 N. Y. 162, 167, 63 N. E. 57; Fleischmann v. Stern, 90 N. Y. 110; Altman v. Cochrane, 131 App. Div. 233, 115 N. Y. Supp. 870; Rodgers v. Clement, 162 N. Y. 422, 428, 56 N. E. 901, 76 Am. St. Rep. 342; Myers v. Stein, 154 App. Div. 631–635, 139 N. Y. Supp. 762; Zwerling v. Annenberg, 38 Misc. Rep. 169, 77 N. Y. Supp. 275.

[2, 3] The rule of liberal construction with respect to pleadings prescribed by section 519 of the Code of Civil Procedure does not aid the defendant, for it is confined to the *allegations* of a pleading, and there is plainly a distinction between *allegations* and *denials.* Moreover, there is no occasion for a liberal construction with respect to denials; and it is important that the denials should be so plain as to leave no uncertainty with respect to what is intended to be put in issue, and this is essential to enable the attorney for the plaintiff to comply with rule 19 of the General Rules of Practice, which requires that he shall indicate on the copy of the pleadings he is required to furnish for the use of the trial court what allegations are admitted and what are controverted.

[4] Of course, where there is a *denial* in form, but indefiniteness with respect to the part of the pleading to which it relates, the remedy is by motion to have the denial made more definite (Thompson v. Wittkop, 184 N. Y. 117, 76 N. E. 1081; Kirschbaum v. Eschmann, 205 N. Y. 135, 98 N. E. 328); but that is not this case, for here there was no attempt to plead either a general or specific denial with respect to any of the allegations of the complaint. The defendant cannot, by merely realleging these allegations which are inconsistent with the allegations of the complaint, claim that the allegations with respect to service are denied.

[5] This court has often had occasion to state and apply the rules applicable to the incorporation in a separate defense of denials and of facts elsewhere pleaded as a defense. See Einstein v. Einstein, 158 App. Div. 498, 143 N. Y. Supp. 706; Mendelson v. Margulies, 157 App. Div. 666, 142 N. Y. Supp. 825; Wiener v. Boehm, 126 App. Div. 703, 111 N. Y. Supp. 126; Strauss v. St. Louis County Bank, 126 App. Div. 647, 111 N. Y. Supp. 130; O'Rourke Eng. Cons. Co. v. Goodwin Gas Co., 144 App. Div. 583, 129 N. Y. Supp. 764. The rule is now well settled by those and kindred authorities that, if such denials or allegations are essential to render the other facts pleaded available as a separate defense, they should not be stricken out; but, if they are not material or relevant to the defense, they should not be left in to shield the new matter alleged as a defense against a demurrer.

In the case at bar, in some instances, the facts thus incorporated in a separate defense from preceding defenses are plainly redundant, in that they present substantially the same issues, or are wholly irrelevant to the defense into which they are thus imported; and the plaintiffs are aggrieved, for they are thereby prevented from testing by demurrer the sufficiency of the new matter pleaded as a defense.

The motion was to strike out the first paragraph of each of the defenses, excepting the first and second. In reviewing the order, we express no opinion with respect to the sufficiency of any of the separate defenses, for that question is not presented for decision.

The first defense merely alleges that there was no service of summons or other process upon the defendant, or its secretary or other officer or agent, or upon a director, and that it did not accept service or appear, or submit to the jurisdiction of the court.

The second defense repeats, by reference, the allegations of the first defense, and further alleges in substance that the defendant is a New York Corporation, having its principal office and place of business in this state, and that it never conducted or engaged in business in Brazil, or had or maintained a domicile, office, place of business, agency, officer, or representative upon whom service of process could be made in that country, or had or maintained a bank account or property there, and that the judgment was rendered without service of any process, and is null, void, and unenforceable, and that to enforce the same will deprive the defendant of its property without due process of law. These defenses plead facts inconsistent with the allegations of the complaint with respect to service of process; but under our practice they do not constitute a denial of these allegations, which, therefore, for the purpose of these defenses, stand admitted.

The third defense alleges that the law of Brazil requires service of process on the defendant personally, and that the original process or the demand of the plaintiff therein be read to the defendant, and that a certificate of service showing compliance therewith be made part of the record, and that in default thereof, or of appearance by the defendant, the court was without jurisdiction, and that service was not so made and certified, and therefore the judgment was void. The allegation in the first defense that the defendant did not appear may be essential to the third defense, and should not be stricken out; but the second defense is wholly irrelevant thereto, and the allegation incorporating it therein should have been stricken out.

The fourth defense alleges *another* requirement of the law of Brazil with respect to service, and that it was not complied with, and that owing to such failure the judgment was void. It may also be essential to this defense that the defendant should show that it did not appear in the action; but the second and third defenses are wholly irrelevant thereto, and the allegation incorporating them therein should have been stricken out.

The fifth defense pleads *an additional* requirement of the law of Brazil with respect to service in an action such as that upon which the judgment was recovered and that it was not complied with, and that the judgment was obtained by default and could not have been sued over in any state or district of Brazil, other than the one in which it was recovered. For the reasons already assigned, only the first defense was properly incorporated in this defense.

In the sixth defense, facts are pleaded, both as a defense and counterclaim, tending to show that the judgment was recovered on a contract which the defendant was induced to make by false and fraudulent representations, to its damage in the sum of $500. It is essential to the counterclaim that the defendant should show that it was not served and did not appear in the action; and therefore all of the preceding separate defenses relating to service and nonappearance

are properly incorporated therein, notwithstanding the fact that they may be of no avail, owing to defendant's failure to incorporate therein a denial of the service as alleged in the complaint.

The seventh defense pleads that a foreign corporation was not authorized to do business in Brazil without obtaining authority therefor as prescribed by the law of Brazil, and that in such an action in Brazil against a foreign corporation not so authorized to do business the foreign corporation could not interpose or assert a counterclaim, and that defendant was precluded under the law of Brazil from asserting its counterclaim, notwithstanding the fact that it never had done business there. It is manifest that none of the facts alleged in the preceding defenses, other than the sixth, containing the counterclaim, are relevant to the defense here attempted to be pleaded.

The eighth defense pleads, so far as material here, in effect, that the courts of Brazil decline to recognize or enforce judgments recovered in the courts of the United States and in this state, unless the proceedings and recovery are in accordance with the law and public policy of Brazil, and that the judgment was recovered on a New York contract, to which the law of Brazil, and not the law of New York, was applied, both with respect to the construction and to the rule of damages. None of the preceding defenses are relevant to the defense here attempted to be pleaded, which is, in substance, that the judgment should not be recognized or enforced in the courts of this state, for the reason that the courts of Brazil would not recognize or enforce such a judgment if recovered here.

The ninth defense is quite like the eighth, and merely alleges the same defense more concisely in general terms. It would have been better pleading to have embodied it in the eighth; but it cannot be said that the eighth is not relevant to it, or is wholly redundant. The seven other preceding defenses, however, are not relevant, and should not have been incorporated therein.

The tenth defense is that the judgment was obtained by fraud, in that material facts bearing on the right of the plaintiffs to recover were fraudulently suppressed and concealed from the court, and that, if the facts so suppressed and concealed had been brought to the attention of the court, the court would not have had, or would not have attempted to exercise, jurisdiction. The sufficiency of the defense here attempted to be pleaded does not depend upon any of the facts alleged in the other defenses.

The order appealed from should be modified, as herein indicated, and, as so modified, affirmed, without costs.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur. CLARKE, J., taking no part.