DE ST. AUBIN v. PAUL GUENTHER, Inc.

(District Court, S. D. New York. May 1, 1916.)

1. PLEADING ☞194(4)—SPECIAL TRAVERSES—EFFECT.
    Where a party incorporates special traverses with matter in confession and avoidance, the traverses cannot be disregarded, and may render the plea good as against demurrer.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 450; Dec. Dig. ☞194(4).]

2. PLEADING ☞364(1)—MOTION TO STRIKE.
    As the improper incorporation of special traverses with matter in confession and avoidance may render the plea good as against demurrer, motion to strike such traverses will be sustained.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156, 1158, 1160; Dec. Dig. ☞364(1).]

3. PLEADING ☞90—TRAVERSES—ANTICIPATORY TRAVERSE—RIGHT TO.
    Where the opposite party has already incorporated a traverse of a possible plea in avoidance in his own pleading, his adversary may incorporate in his plea in avoidance a traverse of such anticipatory traverse.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 184, 185, 187, 190, 194; Dec. Dig. ☞90.]

4. PLEADING ☞364(1)—MOTIONS TO STRIKE—TRAVERSES.
    Defendant counterclaimed on the theory that plaintiff while in its employ, had delegated his authority, and had become financially interested in the business of a competitor, by which disloyalty, and his consequent inattention, defendant had been injured. The counterclaim then also averred that this was done without the knowledge or consent of defendant. The reply, in a confession and avoidance, alleged that all the acts complained of had been done with defendant's consent and then traversed the allegation that defendant had no knowledge and gave no consent to plaintiff's conduct. Held, that such traverse should not be stricken, for, though anomalous, it avoids the result of a plea inconsistent in substance, though not in form, with the counterclaim.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156, 1158, 1160; Dec. Dig. ☞364(1).]

5. PLEADING ☞364(5)—TRAVERSES—CONCLUSIONS OF LAW.
    In such case traverses of the allegations that plaintiff had acted contrary to the agreement, or in violation of his duty, and that it was because of plaintiff's violation of the agreement that defendant had rescinded the agreement, should be stricken, for, being mere conclusions of law, they raise only immaterial issues.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1159; Dec. Dig. ☞364(5).]

6. PLEADING ☞364(6)—STRIKING OUT TRAVERSE.
    In such case, a traverse of the allegation that defendant suffered damage from plaintiff's breach is properly stricken, for, the action being in

contract,- no allegation of damage is necessary to withstand demurrer; hence such traverse is unnecessary to the validity of the plea.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1161, 1162; Dec. Dig. ☞364(6).]

At Law. Action by Ovide De St. Aubin against Paul Guenther, Incorporated. On motion to strike certain denials from a reply to the counterclaim contained in the answer. Motion sustained to all denials save one.

Motion at law to strike out certain denials from a reply to a counterclaim contained in answer. The counterclaim was framed upon the theory that the plaintiff, while in the defendant's employ, had delegated his authority and had become financially interested in the business of a competitor, by which disloyalty and his consequent inattention the defendant had been injured. The counterclaim also alleged that this was all done without the knowledge or consent of the defendant. The reply, in confession and avoidance of the counterclaim, alleged that all the acts complained of had been done with the consent of the defendant. It then proceeded to traverse the following allegations: (1) That the plaintiff had acted contrary to the agreement or in violation of his duty; (2) that the defendant had no knowledge and gave no consent to the plaintiff's conduct; (3) that it was because of the plaintiff's violation of the agreement that the defendant rescinded the agreement; (4) that the defendant had been damaged by the plaintiff's disloyalties.

William D. McNulty, of New York City, for plaintiff.
Henry Root Stern, of New York City, for defendant.

LEARNED HAND, District Judge. [1-3] It is settled in New York that, when a party incorporates special traverses along with matter in confession and avoidance, the traverses cannot be disregarded. Uggla v. Brokaw, 77 App. Div. 310, 79 N. Y. Supp. 244. It necessarily results, if there be any traverses of material allegations incorporated in the plea, that the opposite party loses his right to test the sufficiency of the plea, unless he may strike out the traverses. This the courts have recognized as a genuine embarrassment to the opposite party, and have therefore entertained such motions (Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274), at least when they are iterations of similar traverses elsewhere. A difficulty faces a pleader, however, when the opposite party has already incorporated a traverse of a possible plea in avoidance in his own pleading—"leapt before he came to the stile." If he leaves unanswered such an assertion, though it is not really an allegation at all, he hazards its being taken as such; indeed, he might strike it out, for it has no proper place in the first pleading. However, being placed in this position through the fault of the first pleader, it surely serves to convenience if he be allowed to couple a traverse of this anticipatory traverse along with the plea which the anticipatory traverse has denied. Pullen v. Seaboard Trading Co., 165 App. Div. 117, 150 N. Y. Supp. 719. The result is indeed amorphous, and racks the soul of a conscientious pleader, because there is strictly no place for a traverse in a plea at law at all, at least where the original pleading is not alternative or double. Courts do not, however, value so much as formerly their logical integrity, and, if the result be convenient, no harm is done.

[4-6] To apply these principles to the case at bar, the second traverse ought to be allowed to stand, because, though anomalous, it avoids the result of a plea inconsistent in substance, though not in form, with the counterclaim. The first and third traverses are not necessary to the validity of the plea, which should stand upon its own merits. The third is only an iteration of an earlier traverse in the answer; the first may be incorporated by amendment in the proper place, if the plaintiff desires. Strictly speaking, both these traverses raise immaterial issues, since the allegations are conclusions of law and would be disregarded in any case. Formally, however, they are bad where they are, and should be stricken out, as they may be. The fourth traverse is also immaterial, since the action is in contract, and requires no allegation of damages to withstand demurrer. Its presence in the plea would therefore not prejudice the defendant's right to demur. However, like the first and third, it has no proper place in a plea, since it is not necessary to the validity of the plea, and it may therefore be stricken out, like them.