GEORGE A. STRONG, Appellant, *v.* JAMES CLENDENIN ECKERT, Respondent.

First Department, December 14, 1917.

**Pleading — action for balance alleged to be due for professional services under written agreement — defense alleging a different contract insufficient — demurrer — material allegations of complaint not put in issue by inconsistent allegations in answer.**

Where, in an action by an attorney to recover a balance alleged to be due for professional services rendered to the defendant upon a written agreement, signed by the defendant, the contract of the parties is set forth in the complaint and provides for the rendition of such services as the plaintiff considers necessary, and the defendant admits that such is the contract, but by an alleged defense sets up a different contract to the effect that such services were to be rendered to the defendant and the trial counsel during the actual trial of the action as the defendant might think desirable, said defense is demurrable for insufficiency.

Proof of a contract, such as alleged in the defense, could not be received in evidence under the pleadings, and if it could, failure to perform said contract would not be admissible to prove the non-performance of the contract alleged in the complaint.

Material allegations of a complaint are not put in issue by inconsistent allegations in the answer, even though the intention to deny them is plainly inferable or to be implied from the inconsistent allegations.

APPEAL by the plaintiff, George A. Strong, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of June, 1917, overruling plaintiff's demurrer to a separate defense contained in the answer made on the ground of insufficiency.

The plaintiff was one of several counsel retained by defendant in a certain litigation.

*Hugh Morgan, Jr.,* for the appellant.

*Paris S. Russell,* for the respondent.

PAGE, J.:

The action is to recover the balance alleged to be due for professional services rendered by plaintiff to the defendant upon a written agreement, which is fully set forth in the complaint as follows:

"NEW YORK, *Dec. 5th*, 1912.

" GEORGE A. STRONG, Esq.:

" DEAR SIR.— I write to confirm the arrangement made by Mr. Earle viz.: That you are to render in my case against Page, et al., such services as you consider necessary until its completion, and shall have a contingent interest in the result of $5,000.

" Very truly yours,

"CLENDENIN ECKERT."

The complaint then alleges that the plaintiff duly performed all and every condition of said agreement on his part and rendered the services therein provided for, in the way of the preparation for the trial of the said action; and upon the trial the probate of the will was set aside; that an appeal was taken from the said judgment, and during the pendency of said appeal the plaintiff offered to render further services under said agreement, with respect to the appeal, but no request for any service was made upon him. The complaint further alleges the affirmance of the judgment and that as a result defendant received between $500,000 and $1,000,000 as his distributive share of the estate; that thereafter defendant paid to plaintiff, under said agreement, $2,500.

The answer admits, by not denying, the agreement, and the payment of $2,500 thereunder; specifically admits the recovery of the judgment, the appeal therefrom and its affirmance on such appeal. It denies the other allegation. As a separate defense it is alleged that by far the most important part of the services contemplated by the parties to be rendered under the plaintiff's retainer was the assistance and counsel of the plaintiff during the trial of the action; that a few days prior to the commencement of the trial, plaintiff went to California and remained without the State during the whole period of the trial and thereby placed it without his power to perform the most important part of the agreement; that during the trial defendant and his trial counsel desired the counsel and assistance of the plaintiff, but by reason of his absence, the defendant was wholly deprived of such assistance. The plaintiff demurred to this defense for insufficiency. The demurrer has been overruled and plaintiff appeals.

The learned justice at Special Term held that as the matters alleged by way of defense could be proved under the denials in the answer, it might be that they should not be pleaded as a defense, but that such a fault could not be reached by demurrer. In considering new matter alleged as a defense, questions of substance and of form are presented. Under the common-law procedure questions of substance in the defendant's plea, if the objection appeared upon their face, were raised by general demurrer, while those of form were raised by a special demurrer. Code procedure has retained the general demurrer for the same purpose which it served at common law. Where the new matter does not state facts constituting a defense, or possibly, do not constitute a denial of allegations of the complaint, the remedy is by demurrer. If the defects are merely of form, that is, the allegations are of evidence that could be received under the denials in the answer, or if the facts, if properly pleaded, would amount to a defense, but are stated in an uncertain, ambiguous or inferential manner, the remedy is by motion, special demurrers having been abolished.

The allegations of the new matter are not sufficient to constitute a defense. The contract of the parties is set forth in the complaint and provides for the rendition of such services as the plaintiff considers necessary. The defendant admits that such is the contract, but by the defense sets up a different contract, in effect, that such services were to be rendered to the defendant and the trial counsel during the actual trial of the action as the defendant might think desirable. The contract is unusual in that it leaves to the person who is to render the service the determination as to the extent thereof that shall be considered necessary. The agreement was written by the defendant, it is clear and unambiguous in this particular, and if it does not state the most important part of the services to be rendered thereunder, the defendant alone is responsible for such omission. The court cannot make a new contract, and hold that a violation of the latter is a defense *to an action on the contract as made.*

The defendant does not claim fraud or mistake in the making of the contract or ask a reformation thereof. He merely states a different contract as having been in contem-

plation. The rights of the parties must be determined by the contract they actually made. (*Newton* v. *Lee*, 139 N. Y. 332, 336.)

The question that next must be considered is, can the facts stated be held to constitute a denial of any allegation of the complaint? It is clear that they do not constitute a denial of the contract set forth in the complaint. " It is a well-settled rule in this jurisdiction that material allegations of a complaint are not put in issue by inconsistent allegations in the answer, even though the intention to deny them is plainly inferable or to be implied from the inconsistent allegations." (*Pullen* v. *Seaboard Trading Co.*, 165 App. Div. 117, 119; *Rodgers* v. *Clement*, 162 N. Y. 422, 428; *Fleischmann* v. *Stern*, 90 id. 110, 114.) The defendant purported to set these facts up as a defense. It appears upon the face thereof that they were insufficient to state either a defense to the facts alleged or a denial of a material allegation not thereinbefore denied. Therefore, a demurrer for insufficiency was appropriate and the demurrer should have been sustained.

In view of the opinion of the justice at Special Term, and the argument of counsel, we will consider whether these facts could be proved under the denials in other parts of the answer. The due performance of the contract is denied. Upon this issue the plaintiff must prove that he rendered, except in so far as his tender was refused, all the service that he honestly and in good faith considered necessary. He must show that his absence from the trial was because he did not consider his presence at the trial and service therein was necessary. He was not the attorney in the case; he had aided in its preparation. Other counsel, presumably of greater skill and reputation in that behalf, had been retained to try the case. It is not alleged that he was requested by the defendant to either attend the trial or be available for consultation during its progress, and refused. What is alleged is that by far the most important part of the services contemplated by the parties to be rendered was the assistance and counsel of plaintiff during the trial, and his absence from the State, when the defendant and his trial counsel desired his counsel and assistance, and hence a total failure of performance, for the

defendant says that his services were thereby rendered value-less. This is not evidence of a failure to perform the admitted contract, but a different contract that was in contemplation of the parties. Proof of such a contract could not be received in evidence, and if it could, failure to perform that contract would not be admissible to prove the non-performance of the contract which was the subject of the plaintiff's complaint. There was no necessity to resort to a motion to strike out the allegations. An entirely different question would have been presented had the defendant denied the contract alleged in the complaint, and set forth the true agreement to be as alleged in the defense; then by demurring the plaintiff would have admitted the agreement and failure of performance to be as alleged by the defendant. (*Staten Island M. R. R. Co.* v. *Hinchliffe,* 170 N. Y. 473, 481.)

The order must be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs.

Clarke, P. J., Scott, Smith and Shearn, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs.