LONDON PRODUCE COMPANY, INC., Respondent, *v.* POELS & BREWSTER, INC., Appellant.

First Department, January 20, 1922.

Sales — action for refusal to accept delivery of goods — application for bill of particulars as to allegations by defendant which constitute mere amplification of denial of due performance denied.

In an action to recover damages for a refusal to accept delivery of goods purchased under a written contract where the answer admits the contract but alleges that, as part of the agreement, it was understood and agreed

that the goods were to be shipped by steamer from the ports therein designated direct to New York, and further alleges that the shipment was not made by direct route to New York nor within the time specified in the contract, the plaintiff is not entitled to a bill of particulars giving the details of the defendant's claim as to routes, lines, steamships and ports which were used and those which should have been used and as to the actual dates of shipment and the dates when shipment should have been made, as the answer does not purport to plead new matter as a defense, but the allegations as to shipment are mere amplifications of the denial of due performance of the contract which plaintiff is bound to prove without a limitation being placed on the defendant's proof, under its denial, by a bill of particulars.

APPEAL by the defendant, Poels & Brewster, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of May, 1921, granting plaintiff's motion directing the defendant to serve a bill of particulars.

*John Kenneth Byard* [*Matthew Spalletta* of counsel], for the appellant.

*White & Case* [*David Paine* of counsel], for the respondent.

PAGE, J.:

The action is to recover damages for a refusal to accept delivery of the remainder of goods purchased by the defendant from the plaintiff's assignor, under a written contract, a copy of which is annexed to the complaint. The answer admits that the defendant entered into the written contract, and alleges that as a part of the agreement it was understood and agreed that the goods were to be shipped by steamer from the ports therein designated by direct route to New York. It was further alleged upon information and belief that the shipment was not made by direct route from the said ports to New York, and was not made within the time specified in the contract.

The plaintiff was granted an order for a bill of particulars of the alleged agreement, and setting forth a statement of the defendant's claim as to the port of shipment; the line or lines of steamship; the name of the particular steamship; the ports of call *en route;* the names of any and all rail routes over which the shipment was made; the details of the route or

routes by which the shipments should have been made; the date or dates upon which the shipments were made, and the time within which the shipments should have been made.

The answer does not purport to plead new matter as a defense.   The answer admits the contract.   If the defendant claims that a different contract was made, under which the parties acted, the allegation of the contract should have been denied.   If it was desired to show a subsequent modification and a failure to perform the contract as modified, facts showing such modification should have been pleaded.   The answer does not claim fraud or mistake in the making of the contract or ask its reformation.   The understanding of the parties must be obtained from the contract as made, and is to be derived from the words used.   (*Strong* v. *Eckert*, 180 App. Div. 526, 528.)

The allegations that the shipment was not made by a direct route nor within the time specified in the contract are mere amplifications of the denial of due performance on the part of the plaintiff's assignor, and are matters that could be proved under the denial.   The plaintiff must prove due performance of the contract on the part of its assignor.   That the defendant has unnecessarily alleged certain particulars in which he specifies non-performance does not relieve the plaintiff of proving performance, nor can the plaintiff limit the defendant's proof, under its denial, by requiring a bill of particulars. (*Goddard* v. *Pardee Medicine Co.*, 52 Hun, 85, 87; *Stanley* v. *Block*, 56 App. Div. 549; *Hayes* v. *Hoyt*, 138 id. 573, 575.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.