86h 258
55ad615

JAMES S. BEARNS, Respondent, *v.* HOWARD K. BURRAS, Appellant.

*Discovery of firm books — insufficient grounds of an application therefor — hostile relations between the parties.*

A partner has the right, notwithstanding the dissolution of the partnership, to examine the books of the firm at any reasonable time and place.

Where, however, one partner offered to allow the other partner to examine the books of the firm either at his office or at the office of his counsel, which offer was refused upon the ground that the relations between the parties were not of a character which would permit of the examination of such books with comfort, a sufficient excuse is not given for an application to the court for an order for the examination of such books.

APPEAL by the defendant, Howard K. Burras, from an order of the Supreme Court, granted at the New York Special Term and entered in the clerk's office of the county of New York on the 20th day of February, 1895, denying the application of the defendant for an inspection and discovery of books and papers.

*C. E. O'Connor*, for the appellant.

*John R. Dos Passos*, for the respondent.

VAN BRUNT, P. J.:

A partner has the right undoubtedly, notwithstanding the dissolution of the partnership, to examine the books of the concern at any reasonable time and place, because they are as much his property as that of his co-partner, and if there had been a refusal upon the part of the co-partner to allow the moving party in this action to examine the books, it would have been the duty of this court to have afforded him facility for so doing. But it appears that the party moved against offered to allow the moving party to examine the books in question either at his office or at the office of his counsel, which offer the moving party refused upon the ground that the relations between the plaintiff and the defendant and between the plaintiff's attorney and the defendant are not of a character which would permit the defendant with comfort to accept the courtesies which might be extended to him by either office, and that the plaintiff's attorneys were well aware of this fact. We do not think that this is any sufficient excuse for coming to the court and presenting an application as a matter of right for an examination of the books.

There is no ground except a mere matter of punctilio at the foundation of this motion. The courts have sufficient serious business to engross their time, and cannot permit a party, simply for the purpose of gratifying his fancy, to call upon its power to get in some way more pleasing to him that which is freely offered to him. We think, therefore, that the court below was justified in denying the motion as being entirely unnecessary and without merit.

The order should be affirmed, with ten dollars costs and disbursements.

FOLLETT and O'BRIEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements..