(8 App. Div. 331)

## PALMER v. PALMER.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

1. MALICIOUS PROSECUTION—PLEADING—WANT OF PROBABLE CAUSE.
   The complaint must allege want of probable cause.
2. SAME—QUESTION OF LAW.
   Want of probable cause is a question of law, where the facts are not disputed.
3. SAME—MODE OF RAISING OBJECTION.
   Under Code Civ. Proc. § 499, providing that the objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by an omission to demur, the objection that a complaint for malicious prosecution does not allege want of probable cause may be raised by motion to dismiss.

Appeal from trial term, Oneida county.

Action by Henrietta Palmer against William H. Palmer, for malicious prosecution. From a judgment entered on a verdict in favor of plaintiff for $200, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

The court charged "that the jury has not the legal right to take into consideration anything on account of the allegation in the complaint of an enticing away of the plaintiff's husband." When the case was opened to the jury, the defendant took the position "that there is no allegation that this malicious prosecution was without probable cause," and asked the court "to dismiss the complaint, in that it does not allege a cause of action upon its face, so far as malicious prosecution is concerned." The motion was denied, and the defendant took an exception. At the close of the plaintiff's evidence, the defendant again moved that the complaint be dismissed, upon the grounds: (1) That the complaint does not state a cause of action. (2) That the complaint, so far as it refers to malicious prosecution, does not state a cause of action. (3) That the evidence is not sufficient upon which to base a judgment against this defendant. (4) That no want of probable cause is alleged in the complaint, and no want of probable cause is proved in the evidence; that there is nothing alleged in the complaint, and no evidence given from which a finding can be had; that this defendant, in acting as he did, and in setting in motion and in following up the prosecution here shown, acted without probable cause. The motion was denied, and an exception was taken. The defendant asked the court to charge "that there is no evidence of a want of probable cause in this case as proven; that there is no evidence tending to show a want of probable cause." The court replied: "I will leave that as a question of fact for the jury, upon all the evidence." An exception was taken by the defendant.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Sayles, Searle & Sayles, for appellant.
Timothy Curtin, for respondent.

HARDIN, P. J.    Plaintiff, in her complaint, alleged:

That on the 11th of July, 1895, the defendant "wrongfully and maliciously went before R. W. Stedman, a justice of the peace of the town of Lee, and made an information and complaint before said justice, charging said plaintiff with an attempt to shoot the said defendant, and wrongfully and maliciously procured the said justice to issue a warrant for the arrest of this plaintiff, and caused the same to be put into the hands of an officer, who arrested and took into his custody this plaintiff, and took her from her residence and home, at the town of Annsville, to the town of Lee; and, after she was brought before said justice of the peace, the said defendant wrongfully and maliciously went before said justice, and procured counsel to prosecute this plaintiff. That plaintiff was compelled to undergo public trial upon said charge and before said justice of the peace; and after the said prosecution had rested, and after the said justice had heard the evidence offered upon the trial and hearing before him, this plaintiff was discharged, and found not guilty of the crime and charge alleged in information made by said defendant. * * * Plaintiff further alleges and says that the said charge was wrongfully and maliciously made by the defendant, and the said arrest and imprisonment was maliciously and wrongfully made; and the arrest, committal, and detention were malicious on the part of the defendant."

The complaint nowhere contains an allegation that the prosecution was without probable cause. Nor does it, in terms, allege that the prosecution had been terminated. It is claimed, however, that the last fact is inferable from the fact that it is alleged that the justice who heard the evidence offered upon the trial and hearing before him discharged the plaintiff.

In McCormick v. Sisson, 7 Cow. 715, it was said, "Want of probable cause is the gist of the action."

In Secor v. Weed, 7 Rob. (N. Y.) 65, it was held, viz.:

"An averment of want of probable cause in a complaint for malicious prosecution is indispensable. A mere allegation that the charge was false does not include in it an averment that there was no probable cause for making the charge, nor is an averment of malice an averment of want of probable cause, since, although malice be proved, that fact does not prove a want of probable cause."

In the course of the opinion delivered in that case, it was said:

"And it is equally well settled that every fact which the plaintiff must prove to enable him to maintain his action, and which the defendant has a right to controvert in his answer, must be distinctly averred or stated in the complaint."

In Anderson v. How, 116 N. Y. 336, 22 N. E. 696, it was held:

"Probable cause does not depend upon whether the offense has been committed in fact, or whether the accused is guilty or innocent, but the prosecutor's belief based upon reasonable grounds."

A similar doctrine was laid down in Miller v. Milligan, 48 Barb. 30, and in the latter case it was said:

"Malice and a want of probable cause for the former suit must both be alleged and proved. If there was probable cause, the action cannot be maintained, even though the prosecution complained of was malicious."

The doctrine of that case seems to have been approved in Heyne v. Blair, 62 N. Y. 19.

In Smith v. Smith, 26 Hun, 573, the complaint did not allege that the filing of the lis pendens complained of was without probable cause, and it was held that a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, should be sustained.

In 14 Am. & Eng. Enc. Law, p. 42, it is said:

"The common-law action for a malicious prosecution is case, and not trespass. Malice, want of probable cause, and termination of former action in favor of the plaintiff being essential to the maintenance of this action, the complaint must aver that the proceeding complained of was malicious. that there was no probable cause therefor, and that such proceeding had terminated in favor of the party bringing this action, and must allege how it was ended."

In support of the doctrine of the text, Scotten v. Longfellow, 40 Ind. 23, is cited, and it is said:

"An allegation of the 'falsity of the charge' is not equivalent to an allegation of 'want of probable cause.' Want of probable cause is the material allegation."

In Van De Wiele v. Callanan, 7 Daly, 386, it was said, "The proper allegation is the general one of want of probable cause."

It is provided in section 499 of the Code of Civil Procedure that "the objection that the complaint does not state facts sufficient to constitute a cause of action" is not waived by an omission to demur.

In Pope v. Manufacturing Co., 107 N. Y. 62, 13 N. E. 594, it was held that a defect in the complaint was not waived by the failure to take the objection by demurrer or answer. In the course of the opinion, it was said:

"The plaintiffs did not apply for an amendment, but took the risk of the sufficiency of the complaint, and cannot on this appeal be relieved from their position."

In Clark v. Post, 113 N. Y. 27, 20 N. E. 576, it was said:

"A party must recover not only by his proof, but upon his allegations. The facts stated must constitute a cause of action, and they must be in evidence. It is not enough that they stand upon proof, unless that proof is preceded by statement."

Upon the authorities cited, we are of the opinion that the objections and exceptions to the complaint were well taken.

2. Upon the trial, the information and proceedings had before the justice were produced, and they were sufficient to comply with section 84 et seq. of the Code of Criminal Procedure, and the justice was warranted, upon the presentment of the complaint, information, and affidavits, to issue the warrant upon which the plaintiff was brought before him in proceedings for "security to keep the peace."

Section 38 of the Code of Criminal Procedure contains the following provision:

"If it appear that there is no just reason to fear the commission of the crime alleged to have been threatened, the person complained of must be discharged."

In Vanderbilt v. Mathis, 5 Duer, 304, it was held that:

"The determination in favor of the plaintiff of the prosecution alleged to be malicious is not, per se, prima facie evidence of the want of probable cause."

In Burlingame v. Burlingame, 8 Cow. 141, it appeared that a prosecution for a crime was instituted, and the accused went into his defense, the scope of which was to show that the prosecutor was mistaken in his testimony; and the justice discharged the accused, and it was held that an action for malicious prosecution would not lie, the testimony of the prosecutor making out probable cause. And the judge, in delivering the opinion, says:

"Though the plaintiff was acquitted, it is possible the defendant may have been correct. At any rate, his statement may be considered as probable cause."

After some evidence was given tending to show a want of probable cause, the trial judge, instead of ruling absolutely, as a matter of law, whether there was or was not probable cause, concluded to submit the evidence to the jury, and allow it to find a want of probable cause.

In Fagnan v. Knox, 66 N. Y. 527, it was said:

"The question of probable cause is a question of law, and not of fact. It is sometimes said to be a mixed question of law and fact. This only means that when the facts adduced to prove a want of probable cause are controverted, or conflicting evidence is to be weighed, or the credibility of witnesses is to be passed upon, it must be submitted to the jury to find the facts, under proper instructions as to the law. * * * The question of what constitutes probable cause does not depend upon whether the offense has been committed in fact, or whether the accused is guilty or innocent, but upon the prosecutor's belief, based upon reasonable grounds. The prosecutor may act upon appearances; and, if the apparent facts are such that a discreet and prudent person would be led to the belief that the accused had committed a crime, he will not be liable in this action, although it may turn out that the accused was innocent. If there is an honest belief of guilt, and there exist reasonable grounds for such belief, the party will be justified."

That language was referred to with approbation in Hazzard v. Flury, 120 N. Y. 227, 24 N. E. 194.

In Masten v. Deyo, 2 Wend. 425, Marcy, J., said that where there was a conflict in the testimony to be weighed, or the credibility of witnesses was to be passed upon in respect to whether there was a want of probable cause, "the judge erred in not giving the defendant the benefit of his exposition to the jury of the law relative to what constituted probable cause in an action for a malicious prosecution."

In the case in hand, the evidence is not very satisfactory that the defendant acted without probable cause when he made the complaint to the magistrate. In the affidavit lodged with the justice he stated that the party complained of (the plaintiff here) had threatened to shoot him, and would riddle him with bullets, and had the tools to do it with. He also stated that he had just cause to fear that she would commit the crime threatened; and he further

stated that he did not make the complaint "from any private malice or ill will towards the said Henrietta Palmer, but simply because he is afraid, and hath good reason to fear, that the said Henrietta Palmer will commit the said crime threatened." The jury, in order to find that there was a want of probable cause, was called upon to find that the statement in the affidavit, from which the quotation has just been made, corroborated as it was by the affidavit of Lower, was untruthful. The evidence was not very satisfactory to establish a want of probable cause. Under the circumstances of this case, we are of the opinion that we ought not to allow an amendment to conform the pleadings to the proofs given, or so as to contain the essential allegation of want of probable cause in an action for malicious prosecution.

The foregoing views lead us to the conclusion that the order refusing a new trial and the judgment entered upon the verdict should be reversed.

Judgment and order reversed, and a new trial ordered, with costs to abide the event. All concur.