(55 App. Div. 614.)

## HOWLETT v. HALL.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1 DISCOVERY—PARTNERSHIP—DISSOLUTION—BOOKS OF FIRM—RIGHT OF INSPECTION.

　　Where plaintiff's partner claimed he had overdrawn his account, and plaintiff executed a note to him in settlement of the balance, and, after dissolution of the firm, brought an action to cancel the note on the ground that his account was not overdrawn, and the books of the firm were in the exclusive control of defendant, plaintiff was entitled to an order for discovery and an examination of the books.

2 SAME—SUBPŒNA DUCES TECUM—DEFENSES TO DISCOVERY.

　　The fact that the partnership had been dissolved, and that plaintiff might have obtained the desired information by subpœna duces tecum, and that he had made a casual examination of the books, and that he had requested in his motion an improper place for depositing them, constituted no grounds for denying his motion for discovery, since, in the absence of bad faith, a partner has the right to examine the firm books, and it was the duty of the court to order them to be deposited at a proper place.

Appeal from special term, New York county.

Action by A. Amos Howlett against Frank B. Hall. Motion by plaintiff for an order for discovery and an examination of books. From an order denying the motion, plaintiff appeals. Reversed.

The relief sought in this action is the cancellation of a note for $3,200 given by the plaintiff, as alleged, under the defendant's wrongful representation that in the course of the partnership the plaintiff had overdrawn his account about $6,400. The complaint avers that there was no such overdraft of $6,400, and that the defendant, having exclusive control of the partnership books, would not permit the plaintiff to examine them. After issue was joined, the plaintiff applied for an order directing the defendant to accord him an examination of the books in the office of the defendant's attorneys, by depositing them there for plaintiff's inspection. In support of the application it is stated that the plaintiff during the partnership had been ill, and never had a full opportunity to examine the books, and had relied upon defendant's statements when he gave the note for $3,200, which statements he now alleges were untrue. In opposition to the application the defendant stated that the partnership had been dissolved by mutual consent, and the question of accounts left to an arbitrator, who found that the plaintiff had overdrawn, and recommended a compromise; that the plaintiff had access to the note for $3,200. The defendant's affidavit also contains the statement that owing to the plaintiff's illness he has not devoted to the partnership business, from its formation to its dissolution, more than five days in a period of two years. The plaintiff's application for an examination was denied, and from the order so entered he appeals.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Pierre M. Brown, for appellant.
Charles J. Hardy, for respondent.

O'BRIEN, J. The right of a partner to a disclosure of partnership books rests upon entirely different principles than the rights of third

persons to have a disclosure, it being usual almost as matter of course to grant such examination and inspection to a partner. Kelly v. Eckford, 5 Paige, 548; Stebbins v. Harmon, 17 Hun, 445. And it is only where it can be seen that the application is made in bad faith that he will be refused the privilege. The fact that the partnership is dissolved does not change the rule, the courts recognizing the right of a former partner to have access to the books at all reasonable times. Bearns v. Burras, 86 Hun, 258, 33 N. Y. Supp. 262. It is conceded that a partnership existed here between the parties, that it was dissolved, and that during its existence the books were in the exclusive custody and control of the defendant; and it is thus apparent that without opportunity for examination the plaintiff cannot obtain the facts necessary to prove the allegation of the complaint that by false representations he was induced to give a note for a larger amount than he actually owed. It was suggested at special term that the evidence desired could be obtained on the trial by a subpœna duces tecum. Although this is the remedy that would ordinarily be accorded to a third person who sought to examine the firm's books, it has no application where one of the partners is asking for an opportunity to see and examine what are really his own books. Nor do we think the further objection that a casual inspection was on one occasion granted the plaintiff is a sufficient reason for refusing his request, because, apart from the fact appearing that he was unable on that occasion to get the information desired, he is entitled at all reasonable times to an examination of the partnership books. They belong to him just as much as to the defendant, and the fact that the latter has taken control and possession of them is not sufficient ground for preventing the plaintiff, within proper bounds, having access to them. Here the plaintiff wished to have the books deposited in the office of the attorneys for the defendant,—a disposition which, without their consent, the court could not make. The fact, however, that the place designated was not proper or suitable, is not sufficient cause for denying an examination at some other place, either by requiring the deposit of the books in court, or by the parties agreeing upon some place where, without injury to the defendant,—if those same books are still being used by him,—the plaintiff could obtain the examination asked for. If the parties cannot agree as to the place, it will be fixed by the court on the settlement of the order.

We think the order should accordingly be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide the event. All concur.