COHN v. HESSEL et al.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. PARTNERSHIP—ACTIONS—DISCOVERY OF FIRM BOOKS.

Plaintiff sued to set aside an agreement whereby he turned over his interest in a partnership to a former partner and other defendants who took plaintiff's place in the partnership; alleging that the agreement was fraudulent, because the defendants had misrepresented the financial condition of the partnership and the value of plaintiff's interest, and had concealed assets. *Held*, that as, under plaintiff's theory of the case, the partnership was never dissolved, it was not error to grant him an inspection of the books of the partnership both before and after the agreement.

2. SAME—PLACE OF INSPECTION.

The inspection of the current books should be made at defendants' place of business, and without removal of the books, if defendants so desired.

3. SAME—ACCOUNTANT—EXPENSE OF INSPECTION.

Defendants having objected to paying the charges of an accountant selected by the court with a view of protecting defendants against the acquirement by plaintiff of knowledge of the business for ulterior purposes, that portion of the order should be stricken out.

Ingraham, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Jacques C. Cohn against Sidney P. Hessel, Solomon E. Rains, Abraham Frankenberg, and Elias Schattman. From an order granting plaintiff a discovery and inspection of certain books, documents, and records, defendants Hessel, Rains, and Frankenberg appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Nathan Ottenger, for appellants.
Samuel H. Guggenheimer, for respondent.

LAUGHLIN, J. The plaintiff, the defendant Schattman, and the defendant appellant Hessel were copartners doing business under the name of Schattman, Cohn & Hessel. On the 6th day of September, 1901, an agreement was made in writing between the defendant Schattman, as party of the first part, the plaintiff, as party of the second, and the three appellants, as parties of the third part, in and by which the firm of Schattman, Cohn & Hessel was dissolved, and it was recited that the firm of Hessel, Rains & Co., composed of the appellants, was to be formed, and the assets of the former firm were to be transferred to the latter, which was to assume all the liabilities of the former, as shown upon the copartnership books, and to hold the outgoing partners harmless therefrom. The terms of the new copartnership were not specified in this agreement, but, to all intents and purposes, except as to the share or interest of the respective partners, it was an agreement

88 N.Y.S.—67

by which two partners left the firm, and their places were taken by two others; the firm undergoing the necessary change of name, but the business continued without interruption. It was, in effect, a sale of the interest of the outgoing members to the reorganized firm upon a specified valuation. This action is brought to set aside that agreement upon the ground that the plaintiff was induced to make it by false and fraudulent representations of his partner, the appellant Hessel, acting for himself and for the other appellants, with respect to the financial condition of the firm, and the value of plaintiff's interest, made with the knowledge and consent of the other appellants. The principal claim of the plaintiff seems to be that certain property of the copartnership was thus fraudulently concealed, and not included in an inventory which was the basis upon which the settlement was made. The order permits an inspection of the copartnership books of the plaintiff's former firm from the 1st day of January, 1901, and of certain copartnership books of the new firm, covering entries made for the month of September, 1901. The appellants opposed the granting of the order upon the ground that the partnership books of the old firm had been transferred to them, and that therefore the liberal rule with reference to permitting a partner to have an inspection and discovery of the firm books (Bearns v. Burras, 86 Hun, 258, 33 N. Y. Supp. 262; Howlett v. Hall, 55 App. Div. 614, 67 N. Y. Supp. 267) is not applicable, and upon the further ground that the court had no jurisdiction, at the instance of the plaintiff, to order a discovery and inspection of the new firm books. The fallacy of the argument in behalf of the appellants lies in the fact that, ·if the respondent's contention be sustained, then the old partnership was never legally dissolved, the new partnership never acquired the business, and the members of the new firm would be deemed to have held the property and conducted the business ex maleficio, and would be accountable as such. In this view, it would seem that the plaintiff, according to his prima facie case, has an interest in the books of the new as well as of the old firm; and it appearing presumptively that, for the purpose of inducing the agreement, copartnership property of great value was fraudulently and without his knowledge omitted from the inventory, and subsequently entered upon the records of the new firm, he is entitled to an inspection and discovery of both. The charge of fraud, however, is denied, and therefore, in affording the respondent an opportunity to procure evidence with which to enable him to establish his cause of action, due regard should be had to the rights of the appellants, and the inspection and discovery should be had with as little inconvenience as possible to them. The order requires that the books and papers be deposited with a referee within 10 days, there to remain for the period of six weeks. In so far as the inspection and discovery relate to the books of the old firm, it does not appear that this will be a hardship to the appellants, because it is not shown that those books are now in daily use; but it is manifest that the current books of the new firm cannot be taken from their place of business without serious inconvenience, and therefore the order should be modified by requiring the inspection and discovery to be permitted at the place of business of the appellants, provided they filed a consent thereto, under the supervision of the referee, during the period specified.

The appellants further contend that the application was made in bad faith, and for the purpose of acquiring, for ulterior purposes, knowledge concerning the customers of the new firm and the business transacted by it. The court, evidently with a view to protecting the appellants against the injury apprehended in this regard, directed that the inspection be conducted by the plaintiff with the aid of a chartered accountant selected by the court and designated in the order, and that the appellants pay the charges of the accountant. The appellants claim that this expense should be borne by the respondent, but the respondent does not desire the services of the accountant, and therefore should not be compelled to bear the expense. All of the provisions of the order with reference to the chartered accountant should be stricken out, and a provision inserted permitting the inspection and discovery in the usual manner by the respondent, his attorney, clerks, and assistants.

The order should be modified as already indicated, and, as thus modified, affirmed, without costs.

VAN BRUNT, P. J., and McLAUGHLIN and PATTERSON, JJ., concur.

INGRAHAM, J. I do not think that the defendants should be compelled to submit their books to an uncontrolled examination by the plaintiff. The provision as to the chartered accountant should remain, but plaintiff should pay the charges, if he desires the examination; such expense to be a disbursement in the action if plaintiff succeeds in obtaining final judgment.