### HAYES v. HOYT et al.

(Supreme Court, Appellate Division, Second Department.   May 26, 1910.)

1. MALICIOUS PROSECUTION (§§ 49, 50*)—PLEADING—MALICE—WANT OF PROBABLE CAUSE.

    A complaint for malicious prosecution must allege malice and want of probable cause.

    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 94–97;  Dec. Dig. §§ 49, 50.*]

2. MALICIOUS PROSECUTION (§ 56*)—BURDEN OF PROOF—MALICE—WANT OF PROBABLE CAUSE.

    In an action for malicious prosecution the burden is on plaintiff to prove malice and want of probable cause.

    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116;  Dec. Dig. § 56.*]

3. MALICIOUS PROSECUTION (§ 55*)—ISSUES AND PROOF—MALICE AND WANT OF PROBABLE CAUSE.

    Under a special denial of knowledge and want of probable cause, defendant could introduce evidence to show she acted without malice and with probable cause, and matters set up in "partial defense," tending

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

only to show absence of malice and presence of probable cause, are allowable, without being pleaded as a separate defense.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 106–110; Dec. Dig. § 55.*]

4. PLEADING (§ 318*)—BILL OF PARTICULARS.

That defendant in an action for malicious prosecution, in addition to denying plaintiff's allegation of malice and want of probable cause, unnecessarily alleged affirmatively that she acted without malice and with probable cause, did not entitle plaintiff to a bill of particulars as to defendant's affirmative pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 971; Dec. Dig. § 318.*]

Appeal from Special Term, Kings County.

Action by Helen M. Hayes against Mary E. Hoyt and another. From an order requiring a bill of particulars, defendant Hoyt appeals. Reversed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

John Ingle, Jr., for appellant.

Charles G. F. Wahle, for respondent.

CARR, J. This is an action for a malicious prosecution. Briefly stated, the complaint alleges that the defendants, who are sisters of the plaintiff, made a complaint to a city magistrate of the city of New York, to the effect that plaintiff was a person of unsound mind, and that upon said complaint a warrant was issued and the plaintiff taken into custody, and, after an examination before the magistrate, in which the defendant Mary E. Hoyt participated, the plaintiff was committed to an observation ward in Bellevue Hospital, to be examined as to her sanity by the physicians in charge, and that after four days' detention she was discharged as not being insane. So far as the complaint sets forth the absolutely essential allegations, in an action for malicious prosecution, of malice and want of probable cause on the part of the defendants, it does so in the following language:

"XIX. At all the times herein mentioned the defendants well knew that this plaintiff was not insane, but held a responsible position of trust in a large mercantile house in the city of New York, and the defendants knew that the accusations made by the defendant Mary E. Hoyt, with the consent, connivance, and procurement of the defendant Emily F. Goodwin, were false and untrue, and plaintiff charges that they were maliciously and falsely so made, for the purpose of unjustly and unlawfully depriving this plaintiff of her liberty."

This allegation is specifically denied by the answer of the defendant Mary E. Hoyt. That answer, after making a number of specific denials of various allegations of the complaint, pleads "as a partial defense and in mitigation of damages" certain alleged facts to show that in making the complaint against the plaintiff the defendants acted without malice and with probable cause to believe that the plaintiff had become insane and needed to be restrained. The plaintiff has obtained an order at Special Term requiring the defendant to furnish a bill of particulars, containing 16 separate specifications, of the facts

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pleaded generally by the defendant in her "partial defense and in mitigation of damages." From that order this appeal is taken.

Whether a bill of particulars can or should be ordered as to matters set up as a partial defense in mitigation of damages has been long and seriously doubted. Reader v. Haggin, 123 App. Div. 489, 107 N. Y. Supp. 963; Hatch v. Matthews, 85 Hun, 522, 33 N. Y. Supp. 332; Newell v. Butler, 38 Hun, 104; Holmes v. Jones, 13 N. Y. St. Rep. 57. The reason assigned in these cases is that the plaintiff should not be allowed to have a bill of particulars as to matters which a defendant could give in evidence on an assessment of damages, if there had been a default on his part in answering. There are no reported authorities in which the requirement of a bill of particulars of matter set up in mitigation of damages has been upheld.

In the case at bar the plaintiff was bound to allege in her complaint malice and want of probable cause. Palmer v. Palmer, 8 App. Div. 331, 40 N. Y. Supp. 829; Cousins v. Swords, 14 App. Div. 338, 43 N. Y. Supp. 907. Assuming, but not deciding, that the plaintiff has sufficiently pleaded these two essential requirements of a cause of action in the paragraph of her complaint marked "XIX," the allegation has been put in issue by the specific denial of the defendant. The burden of proof at the trial as to these questions will be on the plaintiff. Under her specific denial thereof, the defendant has the right to introduce evidence to show that she acted without malice and with probable cause. The matters she sets up in her "partial defense," as they tend only to show absence of malice and presence of probable cause, are allowable in evidence without being pleaded as a separate defense. This is so, because they tend simply to negative things which the plaintiff must establish as a part of her cause of action. It is true that, under the authority of Bradner v. Faulkner, 93 N. Y. 515, they may also be set up as a partial defense, and cannot be stricken out on motion before trial; but there is no authority which holds that they cannot be proved under a denial and must be pleaded affirmatively. This being so, the mere fact that they are alleged affirmatively, in addition to a denial of the plaintiff's allegation, does not entitle the plaintiff to a bill of particulars thereof. Goddard v. Pardee Medicine Co., 52 Hun, 85, 5 N. Y. Supp. 119; Stanley v. Block, 56 App. Div. 549, 67 N. Y. Supp. 471, and cases cited. Under these circumstances, a bill of particulars should not have been granted. The bill asked by the plaintiff and ordered at Special Term is so minute in its specifications that it can serve no other purpose than to furnish the plaintiff with the details of the defendants' evidence as to things said and done by the plaintiff, and as to which she must have equal information with the defendants.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a bill of particulars denied, with $10 costs. All concur.