FRANK H. BELL, Who Sues on Behalf of Himself and All Other Holders of the Preferred Stock of FRANK GILBERT PAPER COMPANY, Who Are Situated Similarly With Himself, Plaintiff, *v.* FRANK GILBERT PAPER COMPANY, LOUIS M. JOSEPHTHAL, HENRY J. SCHNITZER, CHARLES C. WALSEY and HERCULES PAPER CORPORATION, Defendants.

ANNA RICHMOND, Suing on Behalf of Herself and All Other Stockholders of the HERCULES PAPER CORPORATION, Plaintiff, *v.* LOUIS M. JOSEPHTHAL, HENRY J. SCHNITZER, MAX HOLZ and HERCULES PAPER CORPORATION, Defendants.

JAY GILBERT, Who Sues on Behalf of Himself and All Other Holders of the Preferred Stock of FRANK GILBERT PAPER COMPANY, Who Are Situated Similarly With Himself, Plaintiff, *v.* FRANK GILBERT PAPER COMPANY, LOUIS M. JOSEPHTHAL, HENRY J. SCHNITZER, LOUIS M. BOWMALL, NICOLAS J. GEROLD, D. S. GOTTESMAN, JACOB L. HOLTZMAN, N. JOHANESON, A. W. MAYNES, HERCULES PAPER CORPORATION and UNION WAXED AND PARCHMENT PAPER COMPANY, Defendants.

(Supreme Court, Saratoga County, January, 1922.)

Corporations — when stockholders entitled to an order of discovery and inspection of the books and documents of corporations —referee appointed to superintend discovery and inspection — Civ. Pr. Act, § 1569 — Rules of Civil Practice, rule 142.

Under the Civil Practice Act and the Rules of Civil Practice an order of discovery and inspection of the books and documents of a defendant corporation may be granted provided they relate to the merits of the action.

Where in several actions brought by stockholders for an accounting of the receipts, assets and property of the defendant corporations based upon allegations of mismanagement, waste and misappropriation of their property, the court, upon motion for an inspection of all the books and papers of the

corporations, is unable to determine when the summonses were served or whether service thereof was made prior to October 1, 1921, on all persons to be served, the court under section 1569 of the Civil Practice Act and in the light of the present Rules of Civil Practice, may, in the interests of justice, apply any remedial provision of said statute not inconsistent with proceedings theretofore taken in said actions.

Where from the complaint it was obvious that a discovery and inspection of the stock books, minute books and books of account of the defendant corporation would disclose matters relating to the merits of the actions, and that an order directing the inspection of all other books, papers, registers, certificates and records of the corporations, except a so-called creditors' agreement, would be too sweeping in its scope and was not justified without more definite reference to the particular books or papers and of their relation to the merits of the actions, an order will be granted permitting a discovery and inspection of the creditors' agreement and of the stock books and minute books of the corporations, and also of their books of account in so far as they relate to the specific allegations of misconduct, waste and misappropriation, set forth in the complaint.

In accordance with rule 142 of the Rules of Civil Practice and to the end that the business of the corporations may not be unduly interfered with, the order will provide for the appointment of a referee to direct and superintend the discovery and inspection, who shall file his certificate entitled in each of the actions, in the county clerk's office, certifying to the compliance or noncompliance with the terms of said orders, which shall set forth the specific matters alleged in the complaint, concerning which discovery and inspection is directed to be had.

APPLICATION by stockholders for an order of discovery and inspection of books and documents of corporations defendants.

Thomas O'Connor (George E. O'Connor and Edgar T. Brackett, of counsel), for plaintiffs.

Shearn & Hare, for defendants Josephthal, Schnitzer and Gerold.

Leventritt, Cook, Nathan & Lehmann, for defendant Hercules Paper Corporation.

. . . .

Stanhope Foster, for defendant Frank Gilbert Paper Company.

Tanzer & Lane, for defendant Bowmall.

Lawrence B. McKelvey, of counsel for corporation defendants.

Staley, J. These are applications on the return of an order to show cause for leave to the plaintiff to have discovery and inspection of the stock books, minute books, books of account, and all other books and papers of the defendant corporations, the Hercules Paper Corporation, Frank Gilbert Paper Company, and Union Waxed and Parchment Paper Company, and for leave for additional discovery and inspection in action No. 2 of the stock books, registers, certificates and records of said Hercules Paper Corporation, at the office of the Bankers' Trust Company, its transfer agent, and at the office of the American Trust Company, the registrar of its stock.

The motions in the three actions were presented and will be considered together.

The actions are in behalf of stockholders for an accounting by the corporations and other defendants named, of the receipts, assets and property of said corporations, coming into their hands and under their control. The plaintiffs allege acts of mismanagement, waste, and misappropriation of the property of said corporations.

The brief of the plaintiff states that action No. 1 is governed by the Code of Civil Procedure, and that actions Nos. 2 and 3 are governed by the Civil Practice Act. The brief of the defendant claims that ''All of these actions were begun prior to October first, nineteen hundred and twenty-one, and, therefore, the rights of the various plaintiffs to a discovery and inspection

must be tested by the provisions of the Code of Civil Procedure and the General Rules of Practice.''

I am unable to determine by the papers before me the date when the summonses in these actions were served or whether they were served on all of the persons to be served, prior to October 1, 1921.

It is within the discretion of the court to apply to the applications made in these actions, in the interest of justice, any remedial provision of the Civil Practice Act not inconsistent with proceedings theretofore taken in the action. Civil Practice Act, § 1569. All the applications, therefore, may be considered, in the interest of justice, by applying thereto the remedies and procedure found in the Civil Practice Act, and also must be considered in the light of the present Rules of Civil Practice. Laws of 1920, chap. 902; Laws of 1921, chap. 370.

Under rule 15 of the General Rules of Practice it was necessary that a party applying for discovery and inspection should show, '' to the satisfaction of the court or judge the materiality and necessity of the discovery or inspection sought, the particular information which he requires, and in the case of books and papers, that there are entries therein as to the matter of which he seeks a discovery or inspection.''

Under this rule, and the provisions of the old Code, a line of decisions was developed which applied to all applications for discovery and inspection the test of materiality and necessity, of particularizing the information sought, and of establishing the fact that there were entries in the books and papers sought to be examined relative to the merits of the action, in addition to the fact that the books and papers were not in the possession and control of the party applying for the discovery and inspection.

The force of these decisions to the pending appli-

cations has been broken by the provisions of the new
Civil Practice Act and the Rules of Civil Practice.
Rule 15 of the General Rules of Practice is no longer
binding upon the courts. Chapter 902 of the Laws of
1920, as amended by chapter 370 of the Laws of 1921,
provides for the formulation and adoption of suitable
rules of practice not inconsistent with the Civil Prac-
tice Act, '' which shall be binding on all the courts in
this state and all the justices and judges thereof,''
and further provides that '' The rules of practice
adopted by the convention shall be filed in the office of
the secretary of state before October first, nineteen
hundred and twenty-one, and shall become effective
on that date and shall supersede all general rules of
practice theretofore binding on the courts of the state
and the justices and judges thereof, except the court
for the trial of impeachments and the court of
appeals.''

The requirements of rule 15 of the General Rules of
Practice are not included within the Rules of Civil
Practice as formulated and adopted. Rule 140 of the
Rules of Civil Practice follows substantially rule 102
of the '' Rules of Court '' proposed in the report of
the joint legislative committee on the simplification of
civil practice, and which was presented to the legisla-
ture in 1919 and which was required by the statute to
be considered by the convention in the formulation of
its rules. See Report of Joint Legislative Committee
on the Simplification of Civil Practice, 1919, p. 1420.

The note at the end of proposed rule 102 states that,
'' The general effect of the rule is to shift to the
adverse party the burden of showing that the dis-
covery or inspection is not necessary, instead of
requiring the party applying for the order to show the
necessity in the first instance.'' Such would seem to
be the clear intent and effect of the rule and such effect

materially changes the rules and force of decisions heretofore applied to applications for discovery and inspection.

Books and documents are, therefore, permitted to be discovered and inspected under the Civil Practice Act and the Rules of Civil Practice, as justice requires, providing they relate to the merits of the action.

Under the common law, a stockholder has the right, which may be enforced by the court, to inspect the books of a corporation of which he is a stockholder. *Matter of Steinway,* 159 N. Y. 250.

While the plaintiffs in the above actions are stockholders their right to discovery and inspection must be considered and determined in their character as litigants, as the applications here made are incidental to the prosecution of the actions and have reference to the merits of the issues therein framed. *Walsh* v. *Press Co.,* 48 App. Div. 333; *Snyder* v. *DeForest Wireless Telegraph Co.,* 113 id. 840.

It is urged by the learned counsel for the defendants that discovery and inspection cannot be granted until after the right to an accounting has been established by interlocutory judgment.

A stockholder of a corporation has no absolute right to compel an accounting to him by the corporation or its officers. An accounting, however, may be decreed, upon proof of official misconduct, but the burden of proof resting upon the stockholder is only met when he established that waste and misconduct, or misappropriation of funds, has actually been committed by the defendants. *Sage* v. *Culver,* 147 N. Y. 341; *Stokes* v. *Stokes,* 87 Hun, 152; *Kreitner* v. *Burgweger,* 174 App. Div. 48.

The interests of justice will not permit a stockholder to be denied the right of discovery and inspection of books and documents, so far as such remedy

relates to the merits of the action, when such discovery and inspection is essential to afford him the opportunity of establishing the alleged misconduct of the defendants which must be established to grant him the remedy to which he may be entitled. A defendant corporation, through its officers, ought not to be permitted to escape the consequences of misconduct in its management, and shield itself against prosecution therefor, by withholding from a stockholder the evidence necessary for him to successfully assert his rights.

It is obvious from the allegations in the complaint that a discovery and inspection of the stock books, minute books, and books of account of the defendant corporations will disclose matters relating to the merits of the action.

An inspection, however, of all other books and papers, registers, certificates, and records of the defendant corporations, except the so-called creditors' agreement, is too sweeping in its scope, and is not justified upon the papers herein without more definite reference to the particular books or papers and of their relation to the merits of the action.

Plaintiffs may have orders permitting a discovery and inspection of the creditors' agreement and of the stock books and minute books of the defendant corporations, and of the books of account in so far as said books of account relate to the specific allegations of misconduct, waste, and misappropriation set forth in the complaint; and, in order that the business of the defendant corporations may not be unduly interfered with, and that such discovery and inspection may be had within the limits of the orders granted herein, such orders shall provide, in accordance with rule 142 of the Rules of Civil Practice, for the appointment of a referee, to direct and superintend the discovery and inspection as granted by the orders herein, and who

shall file his certificates at the conclusion of such discovery and inspection, entitled in each of the actions herein, in the Saratoga county clerk's office, certifying to the compliance or non-compliance with the terms of the orders.

Plaintiffs may prepare proposed orders in conformity with this memorandum, and shall set forth therein the specific matters alleged in the complaint concerning which discovery and inspection is herein directed to be had. The orders may be settled by agreement or on three days' notice.

Ten dollars costs awarded to the plaintiff in each action.

Ordered accordingly.