requests to find numbered as follows: 10, 12, 13, 14, 16, 17, 18, 19, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 41, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 65, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 88, 90, 93, 96, 97, 98, 99, 100, 101. It finds the facts stated in requests Nos. 20, 37, 38, 42, 44, 45, except the statements as to knowledge and participation of the New York National and Seneca Fire Insurance Companies. It also finds conclusions of law Nos. 3 and 4. It finds that irrespective of the evidence as to the Boland Company overdrafts and irrespective of defendant's Exhibit No. 13 the Seneca Fire Insurance Company at the time it procured the bond in suit had knowledge of the insolvency of the North Penn Bank. Order and findings to be settled before H. T. Kellogg, J.

The People of the State of New York ex rel. The City of Buffalo v. The Public Service Commission of the State of New York (Second District), and Charles B. Hill and Others, as Public Service Commissioners of the State of New York, Being the Members of Said Board. International Railway Company, Intervenor.— Determination unanimously confirmed, with fifty dollars costs and disbursements, and petition and writ dismissed.

Jennie Sherlock, Appellant, v. The State of New York, Respondent.— Motion denied, with ten dollars costs.

Albany Builders' Supply Company, Appellant, v. Eastern Bridge and Structural Company and Others, Respondents, Appellants.— Motion granted unless appeal is perfected on or before April 15, 1922, in which case motion is denied. Costs to respondents to abide the event. Hinman, J., not sitting.

Kate Deane Andrew, as Executrix, etc., of Esther B. Steele, Deceased, Respondent, v. American Book Company, Appellant.— Judgment reversed and complaint dismissed, with costs, on the ground that under the statute* the plaintiff could not renew the copyrights. All concur; Kiley, J., on the further ground that the action is not maintainable under section 19 of the Personal Property Law.

Frank H. Bell, Who Sues on Behalf of Himself and All Other Holders of the Preferred Stock of Frank Gilbert Paper Company, Who Are Situated Similarly with Himself, Respondent, v. Frank Gilbert Paper Company and Hercules Paper Corporation, Appellants, and Louis M. Josephthal and Others, Defendants.— Order unanimously affirmed, with ten dollars costs and disbursements.

Elizabeth Bischoff, Respondent, v. Anna Maria Rosenberger and Others, Appellants.— Motion granted, with ten dollars costs.

Mason Basch and Samuel Basch, Copartners, etc., Appellants, v. Joseph Quackenbush, Respondent.— Motion granted, by default, with ten dollars costs.

William D. Eddy and William H. Waterbury, Appellants, v. Joseph J. Curl, Respondent.— Motion denied, with ten dollars costs.

Everett S. English, as Administrator, etc., of Jesse P. English, Deceased, Respondent, v. Metropolitan Life Insurance Company, Appellant.— Motion denied, with ten dollars costs. Van Kirk, J., not sitting.

Frank Gilbert Paper Company, Appellant, v. Harry I. Prankard and Others, Respondents.— Order unanimously affirmed, with ten dollars costs and disbursements.

Frank Gilbert Paper Company, Respondent, v. Harry I. Prankard and

*See Federal Copyright Act of 1909 (35 U. S. Stat. at Large, 1080), §§ 23, 24.— [Rep.

Others, Appellants.— Order unanimously affirmed, with ten dollars costs and disbursements.

JAY GILBERT, Who Sues on Behalf of Himself and Other Holders of the Preferred Stock of FRANK GILBERT PAPER COMPANY, Who Are Situated Similarly with Himself, Respondent, v. FRANK GILBERT PAPER COMPANY and Others, Appellants, and LOUIS M. JOSEPHTHAL and Others, Defendants.— Order unanimously affirmed, with ten dollars costs and disbursements.

FRANK B. GREEN, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted.

HELEN LITCHFIELD, Respondent, v. GEORGE CHAPMAN, Appellant, Impleaded with ARTHUR CHAPMAN, Defendant.— Order unanimously affirmed, with ten dollars costs and disbursements.

FANNIE LURCOX, as Administratrix, etc., of SOPHIA BRADLEY, Deceased, Respondent, v. WAVERLY, SAYRE AND ATHENS TRACTION COMPANY, Appellant.— Motion denied, with ten dollars costs.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim for the Death of WALTER WESP, Made under the Workmen's Compensation Law, by His Widow, EMILY L. WESP, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Employer and Self-Insurer, Appellant.— Motion denied.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of MICHAEL VACCA, Respondent, for Compensation under the Workmen's Compensation Law, v. GENESEE AND WYOMING RAILROAD COMPANY, Employer, and EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim for the Death of PETER H. ARMANET, Made under the Workmen's Compensation Law, by His Widow, LILLIAN ARMANET, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Employer and Self-Insurer, Appellant.— Motion denied.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by BRIDGET MCNAMARA, Administratrix, etc., of JOHN J. MCNAMARA, Deceased, and by BRIDGET MCNAMARA, Widow of JOHN J. MCNAMARA, Deceased, Respondent, v. M. J. DEMPSEY, Employer, and the UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Appellants.— Award reversed and matter remitted to the State Industrial Board for further consideration, with costs to the appellant to abide the event. All concur. [See 199 App. Div. 948; 200 id. 880.]

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of NICOLLO CILLUFFO, Respondent, for Compensation under the Workmen's Compensation Law, v. GENERAL ELECTRIC COMPANY, Employer and Self-Insurer, Appellant.— Award reversed and matter remitted to the Board on the ground that the award should have been for reduced earnings, with costs to the appellant to abide the event. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim of JOHN A. CURRY, Respondent, for Compensation under the Workmen's Compensation Law, v. NATIONAL BLUE PRINT COMPANY, Employer, and THE OCEAN