FREDERICK MARTIN BURNS, Respondent, v. SAMUEL LIPSON and Another, Individually and as Copartners Composing the Partnership Firm of LIPSON & ADELSON, Appellants.

Second Department, March 16, 1923.

Master and servant — action for wrongful discharge — loss of salary and per cent of net profits alleged as damages — plaintiff entitled to discovery and inspection of defendants' books — under Rules of Civil Practice, rule 140, plaintiff not required to show materiality and necessity therefor — answer contained denial of performance and separate defense setting up facts showing non-performance — plaintiff entitled to bill of particulars as to separate defense.

In an action for a wrongful discharge in which the plaintiff claims loss of salary and a per cent of net profits as damages, the plaintiff is entitled to discovery and inspection of defendants' books where the application is made in good faith to enable him to prove net profits of the defendant which under the contract of employment he is entitled to share and, under rule 140 of the Rules of Civil Practice, he is not required to show materiality and necessity as a condition to the granting of the order.

The plaintiff is entitled to a bill of particulars as to the defendants' separate defense which alleges facts constituting non-performance of the contract by the plaintiff, though the defendant denied performance and could have introduced as evidence under the denial the facts alleged in the separate defense, since said facts are of such a nature that without a bill of particulars plaintiff cannot be prepared to meet them at the trial.

APPEAL by the defendants, Samuel Lipson and another, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 20th day of December, 1922, granting plaintiff's motion for an inspection of defendants' books, documents and records, and also from an order likewise made and entered granting plaintiff's motion for a bill of particulars of the defenses pleaded in the answer.

*Joseph Force Crater* [*I. Gainsburg* with him on the brief], for the appellants.

*Joseph J. Nanry* [*Sydney A. Syme* with him on the brief], for the respondent.

YOUNG, J.:

The action is brought for damages by reason of plaintiff's discharge from defendants' employ. The complaint alleges the making of a contract between the parties whereby the plaintiff was employed by defendants for one year from January 1, 1921, as an advertising and sales director and agreed to devote his entire time and attention

and use his best skill and ability in performing services as such, and whereby he agreed not to engage in any other business. As compensation for his services he was to receive $200 per week, and in the event that he faithfully carried out and performed the terms of the agreement, the defendants, on December 31, 1921, would credit his account with fifteen per cent of the net profits earned by them in the business during the year. The complaint then alleges the continuance of plaintiff in such employment until August 15, 1921, when he was discharged by defendants without cause and that by reason thereof he has suffered damage in the loss of the fifteen per cent of the net profits together with salary which would have been paid him during the period of said agreement, and demands judgment for $4,000 damages, the salary for the aforesaid period, and the further amount unknown of fifteen per cent of net profits earned by defendants during 1921.

The answer admits the agreement and employment but denies the remaining allegations of the complaint, and for a first separate defense alleges the agreement referred to in the complaint and plaintiff's violation thereof by devoting much of his time and energy without defendants' consent to the formation of organizations in no manner connected with defendants and to the management and direction of the affairs thereof, and that he did not use his best skill and ability or perform the services required by the agreement to be performed to defendants' satisfaction, and that by reason thereof he was discharged from their employ and was duly paid the salary up to the time of his discharge.

As a second separate defense the answer alleges that between the time of plaintiff's discharge and the expiration of the contract plaintiff secured other employment and earned sums in excess of the amount sued for in the complaint.

As a partial defense it is alleged that plaintiff might have obtained other employment of a similar character after his discharge, but failed to use reasonable diligence to procure such employment and declined and refused offers thereof.

Plaintiff then moved under an order to show cause for a discovery and inspection of certain books and papers of defendants which it is alleged contained entries on the subject-matter of the profits earned by defendants in their business and also alleged that it would be impossible to prove such profits without a prior discovery and inspection thereof.

Plaintiff also moved upon an order to show cause for a bill of particulars of the separate defenses contained in the answer.

From the orders granting these motions these appeals are taken.

I think the motion for discovery was properly granted. It seems

to be settled even under the Code of Civil Procedure that in an action of this character plaintiff is entitled to discovery where the application therefor is in good faith to enable him to prove net profits which under his contract of employment he is entitled to share. (*Thomas* v. *Waite Co.*, 113 App. Div. 494; *Webb* v. *Hedge Co.*, 133 id. 420; *Aprea* v. *Cipolla*, 187 id. 894; *Gemson* v. *Perreault*, 201 id. 649.)

In *Bell* v. *Gilbert Paper Co.* (117 Misc. Rep. 610; affd., 201 App. Div. 867) it was held that under the Civil Practice Act and rule 140 of the Rules of Civil Practice the former provisions of the Code and General Rules of Practice requiring plaintiff to show materiality and necessity no longer obtain, and that the burden of showing that the discovery and inspection was not necessary was upon the adverse party. In that case it is said: " Books and documents are, therefore, permitted to be discovered and inspected * * * as justice requires, providing they relate to the merits of the action." The order for discovery and inspection should be affirmed.

Considering the order directing a bill of particulars, it appears that the contract between the parties contains a provision that the services to be rendered should be to the satisfaction of the defendants. In such a case it seems to be the rule that the burden of proof is upon the plaintiff on the whole case to show that the claim of dissatisfaction is not genuine.

· If this be true, a general denial is sufficient to allow proof on the part of the defendants as to the quality of the services rendered, and consequently where the answer contains a general denial and no affirmative defense is alleged justifying the discharge, the plaintiff would not be entitled to particulars of a claim which he is obliged to meet by evidence.

In *Delano* v. *Columbia M. Works & M. Iron Co.* (179 App. Div. 153; affd., on opinion below, 226 N. Y. 660), where the contract of employment was for one year, provided the services to be rendered were satisfactory to the defendant, the court said: " The court improperly charged the jury that ' the burden is upon the defendant to justify his, plaintiff's, discharge, and to show that the services were in fact unsatisfactory.' There was no other charge on the burden of proof. In such a case, upon proof of a valid contract and discharge the burden is undoubtedly on the defendant of coming forward with evidence that the employee was discharged because of dissatisfaction, and it is true that such dissatisfaction must be genuine, but the burden of proof on the whole case is on the plaintiff and he must show that the claim of dissatisfaction was feigned and not genuine."

In *Fried* v. *Singer* (—— Mass. ——; 136 N. E. Rep. 609) the Supreme Judicial Court of Massachusetts said: " The rule that the burden is on the employer to allege and prove a justification for a dismissal, has no application to cases like the present, where the liability imposed by the contract is conditional and performance of it must be averred and proved or the want of performance excused."

It appears, therefore, that where the contract contains a provision of this kind, the general rule as expressed in *Linton* v. *Unexcelled Fireworks Co.* (124 N. Y. 533) does not apply and the burden is not cast upon the employer of alleging and proving facts justifying a dismissal, a general denial in the answer being sufficient to allow proof upon this subject on the part of the employer.

Another question is presented as to whether the defendant is estopped from claiming that his specific separate defense of justification for the discharge is unnecessarily pleaded when he is now asked to give the particulars thereof.

This court, in *Hayes* v. *Hoyt* (138 App. Div. 573), held that there was no estoppel, and this decision has been since recognized as stating the correct rule.

A contrary view is expressed in the First Department in *Goldberg* v. *National Surety Co.* (186 App. Div. 516), where it is held that although it may have been unnecessary for the defendant to add allegations by way of defense in addition to its denials, it is estopped by so doing from denying their materiality on a motion by plaintiff for a bill of particulars. In that case Mr. Justice PAGE said: " This case is to be distinguished from those which have held that where the defendant unnecessarily amplifies his denials with affirmative statements of facts, not alleged as distinct defenses, he cannot be required to give a bill of particulars of the amplifying allegations." In both *Hayes* v. *Hoyt* and *Goldberg* v. *National Surety Co.* (*supra*) distinct defenses were alleged and it is apparent that the First and Second Departments are in disagreement as to the rule to be followed. In *London Produce Co., Inc.,* v. *Poels & Brewster, Inc.* (199 App. Div. 623), where the answer merely contained amplifications of the denials and did not purport to plead new matter as a defense, a bill of particulars was denied. Upon this subject it seems to me that the Court of Appeals in *Cunard* v. *Francklyn* (111 N. Y. 511) has indicated that the rule laid down in the First Department is correct. That case was to recover damages for wrongful detention and conversion of personal property, and the answer denied the conversion and then alleged, apparently by way of separate defense, that the plaintiff had placed the property with the defendant under an arrangement and with

power to use and invest the same on joint account, and that heavy losses were incurred. No affirmative relief was asked by the defendant. Plaintiff moved for a bill of particulars of these losses and the motion was granted, and the Court of Appeals said: " It may have been unnecessary to add those allegations by way of defense; but, by so doing, the defendant is estopped from denying their materiality on this motion." The court, however, dismissed the appeal on the ground that the granting of the motion at Special Term was discretionary and not reviewable, so it would seem that what was said as above quoted was *obiter*.

In these practice motions it has frequently been pointed out that uniformity of rule is desirable, and in my opinion, in the present case, we should adopt the view of the First Department as expressed in *Goldberg* v. *National Surety Co.* (*supra*), particularly in view of the language of the opinion quoted in *Cunard* v. *Francklyn*. It seems to me that where a defendant in a case of this kind, in addition to a denial of performance, sets up by way of affirmative defense facts upon which he relies to show non-performance, he should be required to give particulars thereof where they are of such a nature that without such particulars plaintiff cannot be prepared to meet them at the trial.

I, therefore, advise that both orders be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX and KAPPER, JJ., concur.

Orders affirmed, with ten dollars costs and disbursements.