LEOPOLD LEO WERTHEIM, Respondent, Appellant, *v.* ELI GROMBECKER and Another, Appellants, Respondents, Impleaded with JULIUS LIPPMAN, Defendant.

Third Department, March 19, 1930.

*Morris Kanfer* [*Joseph P. Tolins* and *I. Henry Kutz* of counsel], for the plaintiff.

*Koenig, Bachner & Koenig* [*Kenneth S. MacAffer* and *Lester R. Bachner* of counsel], for the defendants Grombecker and another.

DAVIS, J. The plaintiff by order has obtained examination of the defendants before trial on certain subjects carefully limited by the learned justice at Special Term. The order further provides that the defendant corporation permit inspection of the books, documents and papers in its possession. This inspection and discovery must be held at the office of the corporation and under the control of a referee so that it may not be inconvenienced or its rights invaded or prejudiced.

If the action was for an accounting alone, discovery would not be ordered nor would permission be granted to examine the defendants as to the details of the account until the plaintiff's right to an account had first been established. (*Del Genovese* v. *Del Genovese*, 149 App. Div. 266; *Lundberg* v. *Potter*, 193 id. 885.) But the complaint alleges a cause of action for more than an accounting. It alleges that the plaintiff as a coadventurer has been deprived of his property through the fraud and concealment of those acting in a fiduciary capacity. (See *Meinhard* v. *Salmon*, 249 N. Y. 458.) Under the circumstances disclosed here, the plaintiff is entitled to the order almost as a matter of course. (*Cohn* v. *Hessel*, 95 App. Div. 548; *Insurance Co. of N. A.* v. *Bernard*, 222 id. 512; *Angel* v. *Del Fungo-Giera*, 208 id. 740; *Bell* v. *Gilbert Paper Co.* and *Gilbert* v. *Gilbert Paper Co.*, 117 Misc. 610; affd., 201 App. Div. 867, 868.)

The defendants' counsel argues that the moving papers do not comply with rule 122 of the Rules of Civil Practice in that they fail

to state in definite words that the testimony of the persons to be examined is material and necessary for the prosecution of the action. It is true that those words were not used but the record discloses that the evidence is material and necessary and it is proposed to use the depositions on the trial, and we will not reverse on the ground of informality or irregularity where the rights of the defendants are obviously not prejudiced. (Civ. Prac. Act, § 105.) That these provisions of the new practice act should be liberally construed is now a well-accepted doctrine. (*Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.,* 201 App. Div. 223; *Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 id. 752; *Fulton* v. *National Aniline & Chemical Co., Inc.,* 214 id. 846; *Green* v. *Selznick,* 220 id. 12.) The order was highly favorable to defendants in limiting the scope of the examination, for it is not the rule that though the plaintiff may have had some knowledge of the material facts or could have acquired it from other sources, an examination will be denied. (*Pierce* v. *Morris,* 192 App. Div. 502, 505; *McGrath* v. *Blumenthal,* 220 id. 781; *Drake* v. *Line-a-Time Mfg. Co., Inc.,* 226 id. 717; *Green* v. *Selznick, supra.*)

Discovery both by the examination of a party and by the production and inspection of books or other documents is an ancient remedy in equity, and in this State has long been provided in a limited manner by statute in actions at law. (See Code Civ. Proc. §§ 803-809; 870 *et seq.; King* v. *Leighton,* 58 N. Y. 383; *People ex rel. Lemon* v. *Supreme Court,* 245 id. 24.) The remedy has been extended by the provisions of the Civil Practice Act, sections 288-296, 324 *et seq.,* and Rules of Civil Practice, rules 121, 122, 140-142. The purpose of the plaintiff, although not clearly stated, is evidently two-fold: *First,* to use the books to refresh the memory of witnesses in order to get competent evidence in a deposition to be read upon the trial (*Singer* v. *National Gum & Mica Co.,* 211 App. Div. 758, 759); and *second,* to make examination thereof, that he may collect data in preparation for trial. Both purposes are proper and legitimate, and authorized under modern practice in the interest of justice; and one order may grant both remedies. (*Fey* v. *Wisser,* 206 App. Div. 520.)

In view of the purposes just stated we find no merit in plaintiff's appeal from that portion of the order which permitted him " to make such memoranda of pages of said books, papers and documents as may be material and necessary to the prosecution of the action and which relate to the merits of the action." The former order, resettled by the one from which appeal is taken, permitted him to make " extracts," or " copies from the contents of said books." In our view there is little distinction between the terms. After he has

examined witnesses in respect to the books and when he makes such an inspection as is permitted by the referee, his memoranda will not differ from " extracts." We construe the order to mean that under the supervision of the referee he may make memoranda of facts material and necessary to the preparation for trial.

The order should be affirmed, without costs.

HINMAN, Acting P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Order affirmed, without costs.