## BUSHWICK–DECATUR MOTORS, Inc., v. FORD MOTOR CO.

### No. 256.

District Court, E. D. New York.

Nov. 10, 1939.

Daru, Hellman & Winter, of New York City, for plaintiff.

Hurd, Hamlin & Hubbell, of New York City (Edward E. Weadock, of New York City, of counsel), for defendant.

BYERS, District Judge.

Plaintiff moves for a more definite statement and for a bill of particulars as to matters pleaded in the answer as "affirmative" defenses.

None of them is enumerated in Rule 8 (c), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723 c, but they are properly to be classified as "any other matter constituting an avoidance or affirmative defense".

The plaintiff seeks to recover damages for the cancellation of a contract between it and the defendant, under which the former held a dealer's contract loosely known as an agency.

In addition to denials, the answer pleads five separate and "affirmative" defenses, the office of two of which clearly is to plead matters which, if proven, would tend to justify the defendant in cancelling the contract.

The reasoning contained in the opinion in Burns v. Lipson, 204 App.Div. 643, 198 N.Y.S. 810, is thought to be convincing here. That was an action based upon the alleged breach by an employer of a contract of employment, and the defendant there was not content to go to trial upon a general denial, but pleaded affirmative defenses, namely, specific conduct on the part of the plaintiff which led to his discharge.

█ A bill of particulars was ordered as to those affirmative defenses, and that course will be followed in the disposition of this motion, and the defendant will be required to state in a bill of particulars the following:

*First Affirmative Defense:*

Par. 6: State in what respects the plaintiff dealt with defendant's products "in a manner detrimental to defendant and its dealers"; that is to say, the things which the plaintiff did or omitted upon which defendant relies to support this allegation, and as to which proof is to be offered on the trial.

Also specify the sales policies to which "defendant objected as detrimental to its good will", and state the form of the objections; if the latter were written, include copies; and if oral, give dates, as to which defendant will offer proof at the trial.

Par. 7: The same requirement as last above stated.

Par. 8: The same requirement as stated with reference to paragraph 6.

*Second Affirmative Defense:*

█ Par. 9(b) to (e), inclusive: State in what respect the plaintiff is said to have failed to live up to its contract, concerning all matters as to which it intends to offer proof at the trial.

Par. 10: The same matters as are stated above with respect to paragraph 6 of the First Affirmative Defense.

Compliance with this direction is to be without prejudice to any application of which plaintiff may be advised, for discovery.

Settle order.